# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X   INDEX NO.
124 NY INC.,                                                        502040/2016

                Plaintiff,                                NOTICE OF ENTRY

-against-

VORAS ENTERPRISE INC., NORTHEAST
BROOKLYN HOUSING DEVELOPMENT
CORPORATION, CRIMINAL COURT OF THE CITY
OF NEW YORK, NEW YORK DESIGN ARCHITECTS,
LLP, THE PEOPLE OF THE STATE OF NEW YORK,
THE CITY OF NEW YORK, METRO MEDICAL,

                Defendants.
---------------------------------------------------------------X

        PLEASE TAKE NOTICE that the within is a true copy of a **Judgment of Foreclosure and Sale**, duly entered in the office of the clerk of the within named Court on July 26, 2017.

Dated: Rego Park, New York
       July 26, 2017

                              LAW OFFICES OF ALAN J. WAINTRAUB PLLC
                              Attorneys for the Plaintiff

                              By: _____
                              Alan J. Waintraub, Esq.
                              97-17 64th Road, 3rd Floor
                              Rego Park, New York 11374

TO:
The Law Offices of Donaldson & Chilliest, LLP
*Attorneys for Defendant - Voras Enterprise Inc.*
1825 Park Avenue, Suite 1102
New York, New York 10035
Attn: Anthony S. Chilliest, Esq.

Northeast Brooklyn Housing Development Corporation
*Defendant*
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, New York 12231

Criminal Court of the City of New York
*Defendant*
25 Beaver Street
11th Floor
New York, New York 10004

New York Design Architects, L.L.P.
*Defendant*
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, New York 12231

The People of the State of New York
*Defendant*
300 Motor Parkway
Hauppauge, New York 11788

The City of New York
*Defendant*
c/o Office of the Corporate Counsel
100 Church Street
New York, New York 10007

MedExcel USA, Inc.
*Defendant*
484 Temple Hill Road; Suite 102
New Windsor, NY 12553
Attn: Richard Lombardo

Dominic Famulari, Esq.
*Referee*
6741 3rd Avenue
Brooklyn, New York 11220

Case 1-17-45570-nhl Doc 34-2 Filed 12/06/17 Entered 12/06/17 09:44:54

FILED: KINGS COUNTY CLERK 07/26/2017 04:16 PM
INDEX NO. 502040/2016
NYSCEF DOC. NO. 84
RECEIVED NYSCEF: 07/26/2017

FILED: KINGS COUNTY CLERK 07/26/2017 03:32 PM

At IAS Part FRP2 of the Supreme Court of the State of New York held in and for the County of Kings at the Courthouse thereof on the 6 day of July, 2017.

PRESENT:

Honorable Mark I. Partnow
J.S.C.

-------------------------------------X

124 NY INC.,

                Plaintiff,

INDEX NO.: 502040/16

**JUDGMENT OF FORECLOSURE AND SALE**

-against-

VORAS ENTERPRISE INC., NORTHEAST BROOKLYN HOUSING DEVELOPMENT CORPORATION, CRIMINAL COURT OF THE CITY OF NEW YORK, NEW YORK DESIGN ARCHITECTS, LLP, THE PEOPLE OF THE STATE OF NEW YORK, THE CITY OF NEW YORK, METRO MEDICAL,

                Defendants.

-------------------------------------X

**UPON** the Summons and Complaint duly filed in the office of the Clerk of the County of Kings on February 15, 2016; the Notice of Pendency of action duly filed in the office of the Clerk of the County of Kings on February 15, 2016; the Order Granting Order of Reference and Appointing Referee to Compute entered November 25, 2016, and all proceedings thereon; the Report of Amount Due of Dominic Famulari, Esq., as Referee, dated February 20, 2017 and on reading and filing the Affirmation of Alan J. Waintraub, Esq., counsel for 124 NY Inc. ("Plaintiff"), dated February 28, 2017, and the exhibits annexed thereto; from which it appears that each of the defendants herein have been duly served with the Summons and Complaint in this action, or have voluntarily appeared personally or by their respective attorneys; and stating that

Case 1-17-45570-nhl    Doc 34-2    Filed 12/06/17    Entered 12/06/17 09:44:54

FILED: KINGS COUNTY CLERK 07/26/2017 04:16 PM
INDEX NO. 502040/2016
NYSCEF DOC. NO. 84
RECEIVED NYSCEF: 07/26/2017

FILED: KINGS COUNTY CLERK 07/26/2017 03:32 PM
INDEX NO. 502040/2016
NYSCEF DOC. NO. 84
RECEIVED NYSCEF: 07/26/2017

more than the legally required number of days had elapsed since said defendants were so served and/or appeared; and that only defendant Voras Enterprise Inc. had served an answer to said Complaint, nor had any of the remaining defendants had their time to do so extended; and that the Complaint herein and Notice of Pendency containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of Kings on February 15, 2016, and has not been amended to add new parties or to embrace real property not described in the original complaint, and a Referee having been duly appointed to compute the amount due to the plaintiff upon the note and mortgage set forth in the Complaint and to examine and report whether the mortgaged premises can be sold in parcels;

AND, on reading the Report of Dominic Famulari, Esq., the Referee named in said Order Granting Order of Reference and Appointing Referee to Compute, by which Report, dated February 20, 2017, attached hereto, it appears that the sum of $6,429,060.56 with interest was due through January 12, 2017, and that the mortgaged premises should be sold in one parcel;

NOW, upon proof of due notice of this application upon all parties who had not waived the same, and upon proof of service of the Order of Reference as provided therein,

ON MOTION of Alan J. Waintraub, Esq., a partner of Law Offices of Alan J. Waintraub PLLC, attorneys for Plaintiff, dated February 28, 2017, together with the exhibits annexed thereto, to foreclose a certain commercial mortgage on real property situated in the County of Kings, State of New York, at 601-619 Throop Avenue, Brooklyn, New York 11216 (Block 1856, Lot 1) by reason of certain defaults as alleged in the Complaint; and it appearing that this motion regularly came before the undersigned Justice on _June 13, 2017_, and due deliberation having been had thereon, it is

**ORDERED** that the Plaintiff's motion for a Judgment of Foreclosure and Sale is hereby granted in its entirety; and it is further

**ORDERED** that the Report of Dominic Famulari, Esq, Referee, dated February 20, 2017, is hereby ratified and confirmed in all respects; and it is further

**ORDERED** that the above described mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expense of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law ("RPAPL") be sold, in one parcel, at public auction in Room 224 of the Kings County Supreme Court, 360 Adams Street, Brooklyn, New York 11201, on a Thursday afternoon at 2:30 P.M., by and under the direction of Dominic Famulari, Esq, who is appointed referee for that purpose, that the said Referee shall set the date of sale and give public notice of the time and place of sale in accordance with RPAPL § 231 in The Home Reporter ; and it is further

**ORDERED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED** that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction, and it is further

Case 1-17-45570-nhl    Doc 34-2    Filed 12/06/17    Entered 12/06/17 09:44:54

FILED: KINGS COUNTY CLERK 07/26/2017 04:16 PM
NYSCEF DOC. NO. 84

FILED: KINGS COUNTY CLERK 07/26/2017 03:32 PM
NYSCEF DOC. NO. 84

INDEX NO. 502040/2016
RECEIVED NYSCEF: 07/26/2017

INDEX NO. 502040/2016
RECEIVED NYSCEF: 07/26/2017

**ORDERED** that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title <u>only</u> to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-five days may be stipulated among the parties, with the Referee's consent, up to ninety days from the date of sale, but any adjournment beyond ninety days may be set only with the approval of this Court, and, it is further

**ORDERED** that the Referee shall deposit all funds received pursuant to this Order in his/her own name in Referee's IOLA account maintained for legal clients at a bank within the City of New York or in an FDIC insured bank of the Referee's choice within the City of New York or in Flushing _____ Bank; and it is further

*[initials: JSC]*

**ORDERED** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment and shall thereafter make the following payments in accordance with RPAPL § 1354, and his/her checks drawn for that purpose shall be paid by said depository:

**FIRST:** The statutory fees of said Referee pursuant to CPLR § 8003(b), which shall not exceed $500 unless the sales price (the amount of the accepted bid) exceeds $50,000. In the event that the sales price exceeds fifty thousand dollars and additional compensation (including commissions) in excess of $500 is sought pursuant to CPLR § 8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court. Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to

FILED: KINGS COUNTY CLERK 07/26/2017 04:16 PM
INDEX NO. 502040/2016
NYSCEF DOC. NO. 84
RECEIVED NYSCEF: 07/26/2017

FILED: KINGS COUNTY CLERK 07/26/2017 03:32 PM
INDEX NO. 502040/2016
NYSCEF DOC. NO. 84
RECEIVED NYSCEF: 07/26/2017

agree to the Referee's proper compensation under CPLR § 8003(b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the report of sale. The five day period for payment of surplus money into Court as set forth in RPAPL § 1354(4), and the thirty day period set forth in RPAPL § 1355 for the filing of the report of sale shall be deemed extended pending the decision of the Court regarding such application.

In the event that a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a), Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of the sale as a cost to Plaintiff. This order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $550, including compensation authorized pursuant to CPLR § 8003(a) for computation of the sum due to Plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provision of Section 36.4 of the Rules of the Chief Judge.

**SECOND:** The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale **The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. Purchaser *and any title company hired by the purchaser* shall be responsible for any penalties or fees incurred as a result of a late payment of the tax as required pursuant**

to the City Administrative Code 19 RCNY 23-08(a) which requires payment within 30 days. The Purchaser shall hold the Referee harmless from any such penalties accessed as a result of late payment of these taxes.

**THIRD:** Pursuant to Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

**FOURTH:** Said Referee shall then pay to Plaintiff or its attorney the sum of $1,680.00 or costs and disbursements in this action to be taxed by the clerk and inserted herein, with interest thereon from the date hereof, together with an additional allowance of $0 hereby awarded to Plaintiff in addition to costs, with interest thereon from the date hereof, and also the sum of $6,429,060.56 the said amount so reported due as aforesaid minus the amounts due for taxes and insurance, together with interest thereon pursuant to the note from January 12, 2017, the date interest was calculated to in said report, to the date of entry of this Order, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with $2,500.00 hereby awarded to Plaintiff as reasonable legal fees, together with any advances as provided for in the note and mortgage, which Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the note and mortgage as above provided. Copies of such receipts shall be annexed to

FILED: KINGS COUNTY CLERK 07/26/2017 03:32 PM    INDEX NO. 502040/2016
NYSCEF DOC. NO. 84    RECEIVED NYSCEF: 07/26/2017

the Referee's Report of Sale. Plaintiff shall timely move to confirm the Referee's Report of Sale pursuant to RPAPL § 1355; and it is further

ORDERED that in case Plaintiff be the purchaser of said mortgaged premises at said sale, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provision marked "FIRST", "SECOND" and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates and priority liens of a city agency, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL § 1354(3), which payment shall be reported in the Referee's report of sale. Any surplus remaining thereafter shall be deposited into Court in accordance with RPAPL § 1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by the Plaintiff at the time of sale; and it is further

ORDERED that said Referee take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her report

Case 1-17-45570-nhl   Doc 34-2   Filed 12/06/17   Entered 12/06/17 09:44:54

FILED: KINGS COUNTY CLERK 07/26/2017 04:16 PM
INDEX NO. 502040/2016
NYSCEF DOC. NO. 84
RECEIVED NYSCEF: 07/26/2017

FILED: KINGS COUNTY CLERK 07/26/2017 03:32 PM
INDEX NO. 502040/2016
NYSCEF DOC. NO. 84
RECEIVED NYSCEF: 07/26/2017

of sale; that he/she deposit the surplus monies, if any, with the Kings County Clerk within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit to this action, to be withdrawn only upon the order of the court, signed by a Justice of the Court; that said Referee make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payment was made and file it with the Kings County Clerk with a copy to the Chambers of the Appointing Justice within thirty days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

ORDERED that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, Plaintiff shall recover from defendant, Voras Enterprise Inc. the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the RPAPL within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

ORDERED that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

ORDERED that each and all of the defendants in this action and all persons claiming under them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said

Case 1-17-45570-nhl   Doc 34-2   Filed 12/06/17   Entered 12/06/17 09:44:54

FILED: KINGS COUNTY CLERK 07/26/2017 04:16 PM
NYSCEF DOC. NO. 84

FILED: KINGS COUNTY CLERK 07/26/2017 03:32 PM
NYSCEF DOC. NO. 84

INDEX NO. 502040/2016
RECEIVED NYSCEF: 07/26/2017

INDEX NO. 502040/2016
RECEIVED NYSCEF: 07/26/2017

mortgaged premises and each and every part thereof; and it is further

**ORDERED** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would disclose; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior liens or record, if any, except those liens addressed in Section 1354 of the RPAPL; any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale; and it is further

**ORDERED** that in the absence of the Referee, the Court may designate a substitute referee forthwith; and it is further

**ORDERED** that the referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED** that a copy of this judgment with notice of entry shall be served upon the owner of the equity of redemption as to the date of this order, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty days prior to sale, and it is further

Case 1-17-45570-nhl   Doc 34-2   Filed 12/06/17   Entered 12/06/17 09:44:54

FILED: KINGS COUNTY CLERK 07/26/2017 04:16 PM
NYSCEF DOC. NO. 84

FILED: KINGS COUNTY CLERK 07/26/2017 03:32 PM
NYSCEF DOC. NO. 84

INDEX NO. 502040/2016
RECEIVED NYSCEF: 07/26/2017

**ORDERED** that Plaintiff shall serve a copy of the notice of sale upon the owner of the Equity of Redemption at both his/her last known address and the property address (affidavit of such service shall be presented to the Foreclosure Clerk on or before the auction sale) and upon the Foreclosure Department at least ten (10) days prior to the scheduled sale; and it is further

**ORDERED**, that for purposes of RPAPL 1351(6) the ninety day time period shall begin to accrue from the date of entry of the judgment rather than the date of the judgment

Enter

J.S.C.

HON. MARK I. PARTNOW

Clerk

FILED: KINGS COUNTY CLERK 07/26/2017 04:16 PM                INDEX NO. 502040/2016
FILED: KINGS COUNTY CLERK 07/26/2017 03:32 PM                RECEIVED NYSCEF: 07/26/2017
NYSCEF DOC. NO. 84                                           RECEIVED NYSCEF: 07/26/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------X
124 NY INC.,

                      Plaintiff,                   INDEX NO.: 502040/2016

  -against-                                        COSTS OF PLAINTIFF

VORAS ENTERPRISE INC., ET AL.,

                      Defendants.
-----------------------------------------------------------X

| COSTS | | DISBURSEMENTS | |
|---|---|---|---|
| Costs before note of issue | | Fee for Index Number CPLR §8018 (o) | $400.00 |
| CPLR §8201 subd. 1 | $ 0.00 | Clerk's fee, filing notice of ped. CPLR §8021(a) 10 | $35.00 |
| Allowance by statute | | | |
| CPLR §8302(a),(b) | $150.00 | Paid for Searches CPLR §8301(H)10 | ~~$520.77~~ 30.00 |
| Additional Allowance | | Request for Judicial Intervention | $95.00 |
| CPLR §8302(d) | $50.00 | Referee's fees CPLR §8301(a) (1), 8003(a) | ~~$250.00~~ 50.00 |
| Motion Costs | | | |
| CPLR §8202 | $135.00 | Service | 385.00 |
| | 600.00 | Postage | 15.00 |
| COSTS | ~~$335.00~~ | | |
| DISBURSEMENTS | ~~$1,300.77~~ | | |
| TOTAL | ~~$1,635.77~~ 1680.00 | | |

STATE OF NEW YORK,
COUNTY OF QUEENS

ATTORNEY'S AFFIRMATION

    The undersigned, an attorney admitted to practice in the courts of this state, affirms: that he is a partner with the firm Law Offices of Alan J. Waintraub PLLC, the attorney(s) for the plaintiff in the above entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use. The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: February 28, 2017

Costs at $ 1680.00                      _____
This 26 day of July 2017            Alan J. Waintraub, Esq.

_____
Clerk of Court Kings County

KINGS COUNTY CLERK FILED 2017 JUL 26 PM 3:10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
124 NY INC.,

          Plaintiff,

-against-

VORAS ENTERPRISE INC. et al.,

          Defendants.
---------------------------------------------------------------X

INDEX NO.
502040/2016

AFFIDAVIT OF MAILING

STATE OF NEW YORK )
COUNTY OF QUEENS )

  I, Jennifer Forte, being duly sworn, deposes and says:

  I am not a party to the action, am over 18 years of age and I am employed by LAW OFFICES OF ALAN J. WAINTRAUB PLLC, attorneys for the above named plaintiff.

  On July 26, 2017, I served a copy of the within NOTICE OF ENTRY OF JUDGMENT OF FORECLOSURE AND SALE - by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal service within New York State, addressed to each of the following persons at the last known address set forth after each name:

The Law Offices of Donaldson & Chilliest, LLP
*Attorneys for Defendant - Voras Enterprise Inc.*
1825 Park Avenue, Suite 1102
New York, New York 10035
Attn: Anthony S. Chilliest, Esq.

Northeast Brooklyn Housing Development Corporation
*Defendant*
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, New York 12231

Criminal Court of the City of New York
*Defendant*
25 Beaver Street
11th Floor
New York, New York 10004

New York Design Architects, L.L.P.
*Defendant*
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, New York 12231

The People of the State of New York
*Defendant*
300 Motor Parkway
Hauppauge, New York 11788

The City of New York
*Defendant*
c/o Office of the Corporate Counsel
100 Church Street
New York, New York 10007

MedExcel USA, Inc.
*Defendant*
484 Temple Hill Road, Suite 102
New Windsor, NY 12553
Attn: Richard Lombardo

Dominic Famulari, Esq.
*Referee*
6741 3rd Avenue
Brooklyn, New York 11220

No other defendants have answered the complaint or appeared in this action and requested a copy of this application.

_____
Jennifer Forte

Sworn to before me this
26th day of July, 2017

_____
NOTARY PUBLIC

ALAN JAY WAINTRAUB
Notary Public, State of New York
No. 02WA6303423
Qualified in Rockland County
Commission Expires 05/12/18

SUPREME COURT
STATE OF NEW YORK, COUNTY OF KINGS          Index No. 502040  2016
                                                              Year

124 NY INC.,

-against-

VORAS ENTERPRISE INC., et al.

**NOTICE OF ENTRY OF JUDGMENT OF FORECLOSURE AND SALE**

PLAINTIFF
Attorney(s) for

LAW OFFICES OF ALAN T. WEINTRAUB PLLC
97-17 64TH ROAD, 3RD FLOOR
REGO PARK, NEW YORK 11374
(718) 504-5700

To:                                          Signature (Rule 130-1.1-a)

                                             _____
                                             Print name beneath

                                             Service of a copy of the within is hereby admitted.
Attorney(s) for                              Dated: _____

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**
that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**
that an order                                         of which the within is a true copy
will be presented for settlement to the HON.         one of the judges of the
within named Court, at
on                    at           M.
Dated,
                         Yours, etc.