ARCHER & GREINER, P.C.[1]                    Hearing Date: March 22, 2018
630 Third Avenue                             Hearing Time: 2:30 p.m.
New York, New York 10017
Allen G. Kadish
Harrison H.D. Breakstone
Tel: (212) 682-4940
Fax: (212) 682-4942
Email:  akadish@archerlaw.com
        hbreakstone@archerlaw.com

*Counsel for Voras Enterprise Inc.,*
*Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:                                       Chapter 11

VORAS ENTERPRISE INC.,                       Case No. 1-17-45570 (NHL)

            Debtor.

----------------------------------------------------------x

### MOTION FOR AN ORDER
### (I) APPROVING DEBTOR'S DISCLOSURE STATEMENT;
### (II) APPROVING FORM AND MANNER OF NOTICES AND BALLOTS;
### (III) APPROVING SOLICITATION MATERIALS AND SOLICITATION
### PROCEDURES; (IV) FIXING A RECORD DATE AND ESTABLISHING A VOTING
### DEADLINE, AND (V) SCHEDULING HEARING ON CONFIRMATION OF PLAN

TO THE HONORABLE NANCY H. LORD,
UNITED STATES BANKRUPTCY JUDGE:

        VORAS ENTERPRISE, INC., debtor and debtor-in-possession herein (the

"**Debtor**"), by and through its undersigned counsel, hereby moves this Court for an order (i)

approving its disclosure statement [Docket No. 62] (the "**Disclosure Statement**") for the

Debtor's Plan of Reorganization dated January 24, 2018 [Docket No. 63] (as each may be

amended, the "**Plan**"); (ii) approving the form and manner of notices and ballots; (iii)

---

[1]  The practice of DiConza Traurig Kadish LLP was merged into Archer & Greiner, P.C., effective February 1,
2018.  An appropriate application will be filed.

approving the solicitation materials and solicitation procedures; (iv) fixing a record date and establishing a voting deadline; and (v) scheduling a hearing on confirmation of the Plan.  In support of this Motion, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this motion (the "**Motion**") pursuant to 28 U.S.C. § 1334.  This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3.      The statutory predicates for the relief requested herein are sections 1125, 1126 and 1128 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**Background**

4.      On October 26, 2017 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the first day declaration filed herein [Docket No. 6], incorporated herein by reference.

6.      The Debtor continues in possession of its property and continues to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      No trustee or committee has been appointed in the case.

## Debtor's Proposed Plan of Reorganziation[2]

8.      The Debtor believes that the terms of the Plan are fair to all holders of Claims and in full compliance with the relevant sections of the Bankruptcy Code.

9.      Under the Plan, the Debtor will use the Implementation Funds in order to provide a return to all Creditors.  The Debtor's Implementation Funds will consist of funds from the New Mortgage, Capital Investment, Rent and other proceeds.  The Debtor plans to pay Allowed Secured Claims in full to the extent they are not disputed and provide a return to all other unsecured creditors.

## Relief Requested

10.      By this Motion, the Debtor respectfully requests an order (i) approving the Disclosure Statement; (ii) approving the form and manner of notices and ballots for voting on the Plan; (iii) approving the solicitation materials and solicitation procedures to be used in connection with the confirmation of the Plan; (iv) fixing a record date and establishing a voting deadline; and (v) scheduling a hearing on confirmation of the Plan.

I.      Approval of Disclosure Statement Pursuant to Section 1125

11.      The Debtor submits that the Disclosure Statement should be approved by the Court as it sets forth "adequate information" sufficient to meet the requirements of section 1125(a) of the Bankruptcy Code.

12.      Adequate information is defined in the Bankruptcy Code as:

information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan and Disclosure Statement.  For a full summary of the Plan, reference should be made thereto and to the Disclosure Statement.

typical of the holders of claims or interests in the case, that would
enable such a hypothetical investor of the relevant class to make an
informed judgment about the plan, but adequate information need
not include such information about any other possible or proposed
plan, and in determining whether a disclosure statement provides
adequate information, the court shall consider the complexity of the
case, the benefit of additional information to creditors and other
parties in interest, and the cost of providing additional information

11 U.S.C. § 1125(a).

13.     Thus, a debtor's disclosure statement must, as a whole, provide
"information of a kind, and in sufficient detail, as far as is reasonably practicable in light of
the nature and history of the debtor and the condition of the debtor's books and records, that
would enable a hypothetical reasonable investor typical of holders of claims or interests of the
relevant class to make an informed judgment about the class". *See Cadle Co. II v. PC
Liquidation Corp. (In re PC Liquidation Corp.),* 383 B.R. 856 (E.D.N.Y. 2008) *(citing In re
Copy Crafters Quickprint,* 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure
statement "is to be determined on a case-specific basis under a flexible standard that can
promote the policy of Chapter 11 towards fair settlement through a negotiation process
between informed interested parties").

14.     In measuring the adequacy of the information contained in a disclosure
statement, a bankruptcy court has broad discretion. *See In re Ionosphere Clubs, Inc.*, 179 B.R.
24, 29 (S.D.N.Y. 1995).   Accordingly, the determination of whether a disclosure statement
contains adequate information is to be made on a case-by-case basis, focusing on the unique
facts and circumstances of each case. *See PC Liquidation,* 383 B.R. 856, *citing Copy Crafters,*
92 B.R. at 979.

15.     In October 2005, section 1125(a) of the Bankruptcy Code was amended
to specify certain factors that courts should consider when determining the adequacy of a

disclosure statement, namely (1) the complexity of the case, (2) the benefit of additional information to creditors and other parties in interest, and (3) the cost of providing additional information. *See* 11 U.S.C. § 1125(a).

16.    Courts have created a non-exhaustive list of factors that applies with the qualification that "[d]isclosure of all factors is not necessary in every case." *In re Metrocraft Publ'g Servs.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984). The factors are:

> (1) the events which led to the filing of a bankruptcy petition;
>
> (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17)

litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*Id.* (citations omitted); *see also In re Ashley River Consulting, LLC,* 2015 Bankr. LEXIS 3819, (Bankr. S.D.N.Y. Nov. 6, 2015)*; In re Phoenix Petroleum*, 278 BR 385, 406 n.6 (Bankr. E.D. Pa. 2001); 10 Collier on Bankruptcy ¶ 1125.02[2] at 1125.

17.     The Disclosure Statement, which the Debtor believes contains sufficient information with respect to the Plan and the Debtor's chapter 11 case, includes a description of: (i) the Debtor's pre-petition business operations; (ii) the restructuring efforts of the Debtor, including a description of the events leading up to the Debtor's chapter 11 case; (iii) the proposed distributions on account of secured claims and unsecured claims; (iv) the proposed treatment of administrative expense claims and priority claims; (v) the classification and proposed treatment of claims and equity interests; (vi) the proposed treatment and procedures for resolution of disputed, contingent and unliquidated claims; (vii) the proposed means of implementation of the Plan; (viii) the proposed treatment of executory contracts and unexpired leases; (ix) the proposed conditions precedent to the confirmation and effectiveness of the Plan; (x) the provisions of the Plan regarding releases, injunctions and exculpation; (xi) voting and confirmation procedures; (xii) a chapter 7 liquidation analysis; and (xiii) the federal income tax consequences to the Debtor and a hypothetical investor typical of the holders of claims or interests in the case.[3]

18.     The Debtor submits that the Disclosure Statement contains adequate

---

[3] Any materials not included or filed with the Disclosure Statement and Plan will be supplemented prior to the hearing hereon.

information, as defined by the Bankruptcy Code and interpreted in relevant case law, for the

Debtor's creditors to make an informed judgment about the Plan.  Accordingly, the Debtor

respectfully requests that the Court approve the Disclosure Statement.

II.    Form and Manner of Notice of Hearing on Confirmation of the Plan

A.    *The Proposed Confirmation Hearing Date*

19.    Rules 2002(b) and (d) of the Bankruptcy Rules require not less than

twenty-eight (28) days notice to all creditors and equity security holders of the time fixed for

filing objections and the hearing to consider confirmation of a chapter 11 plan.  At the hearing

to consider this Motion, the Debtor will request the Court fix a date that is at least 35 days

thereafter to consider confirmation of the Plan (the "**Proposed Confirmation Hearing Date**").

The Debtor proposes to provide all creditors with a copy of the notice of the Proposed

Confirmation Hearing Date substantially in the form attached hereto as <u>Exhibit A</u> (the

"**Confirmation Hearing Notice**").  The Confirmation Hearing Notice contains a description

of the date, time and location of the Proposed Confirmation Hearing Date, as well as the

deadline and manner for filing objections to the Plan.  The Debtor proposes to mail the

Confirmation Hearing Notice within five (5) days after entry of the order approving this

Motion.  The Debtor submits that notice of the Proposed Confirmation Hearing Date, as set

forth above, complies with Bankruptcy Rule 2002.

B.    *Procedures for Objections to the Plan*

20.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of

a plan must be filed and served "within a time fixed by the court."  Fed. R. Bank. P. 3020(b)(1).

The Confirmation Hearing Notice provides, and the Debtor requests that the Court direct, that

objections, if any, to the Plan must (i) be in writing, (ii) state the name and address of the

objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed with the Clerk of the Court, with a copy delivered to Chambers, and served so as to be received by (a) counsel to the Debtor and (b) the United States Trustee on or before a date to be determined by the Court that is at least seven (7) days prior to the Proposed Confirmation Hearing Date (the "**Objection Deadline**"). The proposed timing for service of objections, if any, will afford the Court, the Debtor and other parties in interest sufficient time to consider the objections before the Proposed Confirmation Hearing Date.

21.     The Debtor submits that the foregoing proposed notice procedures will afford adequate notice of the Proposed Confirmation Hearing Date.

III.    <u>Non-Voting Status, Form of Ballots and Solicitation and Voting Procedures</u>

A.    *Non-Voting Status*

22.     The Plan provides that the Debtor will notify, but not solicit the votes of, holders of claims or interests in the classes outlined below as such classes are presumed to accept or reject the Plan pursuant to section 1126(f) or (g) of the Bankruptcy Code, as the case may be:

| Class | Claims and Interests | Deemed Status |
|---|---|---|
| 1 | Priority Claims (other than Priority Tax Claims and Administrative Claims) | Accept |
| 2 | MTAG Secured Claim | Accept |
| 3 | 124 NY Secured Claim | Accept |

23.     Although votes from the holders of Claims and Interests described in the table above will not be solicited, the Debtor desires to provide notice to such holders which informs them of their treatment under the Plan, the relevant deadlines and that they are not

entitled to vote on the Plan ("**Non-Voting Status Notice**"), substantially in the form attached

hereto as <u>Exhibit B</u>.  To that end, the Debtor requests the Court's authorization to send the

Non-Voting Status Notice to holders of Claims in Classes 1, 2 and 3.  The Non-Voting Status

Notice informs such holders of Claims and Interest of the treatment afforded under the Plan

and that they are not entitled to vote on the Plan.

B.    *Form of Ballots*

24.    Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot,

which substantially conforms to Official Form No. 14, only to "creditors and equity holders

entitled to vote on the plan."  The Debtor has prepared a ballot attached hereto as <u>Exhibit C</u>

(the "**Ballot**") with which to solicit votes from the holder of claims in Class 2, the only class

of claims under the Plan entitled to vote to accept or reject the Plan.  By this Motion, the Debtor

seeks authority to distribute such ballots to holders of claims in Class 2.

C.    *Solicitation Procedures*

25.    To conduct an effective solicitation of the Plan that is consistent with

the requirements of the Bankruptcy Code, the Bankruptcy Rules and due process, the Debtor

seeks approval of the following solicitation procedures (the "**Solicitation Procedures**").[4]

*(i) Solicitation Package*

26.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided

to holders of claims for purposes of soliciting votes and providing adequate notice of the

hearing on confirmation of a plan.  In accordance with Bankruptcy Rule 3017(d), the Debtor

proposes that, within five (5) days after entry of the order approving the Disclosure Statement,

(i) the Plan, the Disclosure Statement and the Confirmation Hearing Notice be distributed to

---

[4]  The Debtor reserves the right to supplement or amend such Solicitation Procedures as necessary.

all known holders of Administrative Claims and Priority Tax Claims and parties having filed a notice of appearance in the Debtor's case, and (ii) the following materials be distributed to all known holders of claims in classes 4, 5 and 6 (the "**Solicitation Package**"):

    (1)    the Disclosure Statement;

    (2)    the Plan;

    (3)    the Ballot;

    (4)    the Confirmation Hearing Notice,

    (5)    the order of the Court approving the Disclosure Statement;

    (6)    a pre-addressed return envelope; and

    (7)    such other materials as the Court may direct.

*(ii) Voting Deadline*

27.    The Debtor proposes that holders of claims in Class 2 be instructed to return ballots to, counsel for the Debtor, Archer & Greiner, P.C., 630 Third Avenue, New York, New York 10017 (the "**Solicitation Agent**") by the Objection Deadline (the "**Voting Deadline**").

*(iii)    Voting Record Date*

28.    The Debtor proposes that the Court establish the same day that the Disclosure Statement Order is entered as the record date ("**Record Date**") for purposes of determining which creditors are entitled to vote on the Plan.

29.    The claims register maintained by the Clerk of the Court shall be deemed closed as of the Record Date[5] and the Debtor will have no obligation to recognize for

---

[5] The "bar date" set by the Court [Docket No. 49] is March 9, 2018 and thus the Record Date will occur after the bar date.

purposes of voting on the Plan any claim transferred after the Record Date.  Instead, the Debtor

will be entitled to recognize and deal for voting purposes with only those record holders of

claims set forth in the claims register as of the Record Date.

(iv)     <em>Voting Procedures</em>

30.    Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor . . . whose

claim . . . is not scheduled or [is] scheduled as disputed, contingent, or unliquidated . . . shall

not be treated as a creditor with respect to such claim for the purposes of voting and

distribution," unless such creditor has timely filed a proof of claim.

31.    As mentioned above, pursuant to the Plan, only holders of claims in

Class 4, 5 and 6 (the "**<u>Voting Claims</u>**") are impaired and entitled to vote on the Plan.  For

voting purposes only, and not for the purpose of determining who has an allowed claim or who

is entitled to receive a distribution under the Plan, the Debtor proposes the following voting

procedures:  Each holder of a Voting Claim shall have an allowed claim, solely for the purpose

of voting on the Plan, in an amount equal to the greater of (i) the amount of such claim as set

forth in the Debtor's schedules of liabilities; (ii) the amount of such claim as set forth in a

timely filed proof of claim; and (iii) the amount of such claim as allowed pursuant to the Plan;

<u>provided</u>, <u>however</u>, that (a) if a claim has been estimated or otherwise allowed for voting

purposes by order of the Court, such claim shall be allowed for voting purposes only in the

amount estimated or allowed by the Court; (b) if a claim is deemed allowed pursuant to the

Plan or other order of the Bankruptcy Court and the holder of the claim is entitled to vote on

the Plan, the claim shall be allowed for voting purposes in the amount deemed Allowed

pursuant to the Plan or such other Order of the Bankruptcy Court; and (c) if the holder of a

claim has timely filed multiple proofs of claim on account of a single claim, such holder shall

11

have only one allowed claim for voting purposes.

        32.    Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." The Debtor proposes that if the Debtor has served and filed an objection to a Voting Claim at least ten (10) days prior to the Voting Deadline, such claim shall be disallowed for voting purposes only and not for the purpose of allowance or distribution; provided that any undisputed portions of such claim shall be allowed for voting purposes; provided, further, that any such claimant may file a motion prior to the Proposed Confirmation Hearing Date to temporarily allow such claim for voting purposes. In addition, if a Voting Claim is listed in the Debtor's schedules of liabilities as contingent, unliquidated or disputed and a proof of such claim was not timely filed, the claim shall have no voting rights.

        *(iv)    Tabulation Procedures*

        33.    The Debtor requests that the following general voting procedures and standard assumptions be used in tabulating ballots:

(a)    Except to the extent the Debtor otherwise determines, or as permitted by the Court, ballots received after the Voting Deadline will not be accepted or counted by the Debtor in connection with the Debtor's request for confirmation of the Plan;

(b)    Creditors shall not split their vote within a claim; thus each creditor shall be deemed to have voted the full amount of its claim either to accept or reject the Plan;

(c)    Any ballots that partially reject and partially accept the Plan shall not be counted;

(d)    The method of delivery of ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a claim, but except as otherwise provided in the Disclosure Statement, such delivery will be deemed

made only when the original executed ballot is actually received by the Solicitation Agent;

(e)     Delivery of a ballot by facsimile, email or any other electronic means will not be accepted;

(f)     No ballot should be sent to any party, including the Debtor, or any party other than as instructed.

(g)     The Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan at any time prior to the entry of the Confirmation Order. If the Debtor makes material changes in the terms of the Plan or the Debtor waives a material condition, the Debtor will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

(h)     If multiple ballots are received from or on behalf of an individual holder of a claim with respect to the same claim prior to the Voting Deadline, the last ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior ballot;

(i)     If a ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing and, upon request of the Debtor, must submit proper evidence satisfactory to the Debtor to so act on behalf of a beneficial interest holder;

(j)     The Debtor, subject to contrary order of the Court, may waive any defect in any ballot at any time, either before or after the close of voting;

(k)     Any holder of impaired claims who has delivered a valid ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(l)     Any ballot received that does not indicate either an acceptance or rejection of the Plan will be counted as a vote to accept the Plan;

(m)     Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots nor will any of them incur any liabilities for failure to provide such notification; and

(n)     The Debtor and shall maintain and tabulate all ballots received in accordance with the aforementioned procedures. Within three (3) days

following the Voting Deadline, copies of all ballots received should be provided to the United States Trustee together with a written summary of the votes accepting and rejecting the Plan.

## **No Prior Request**

34.    No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor requests that the Court enter an Order, substantially in the form annexed hereto as Exhibit D, (i) approving the Disclosure Statement; (ii) approving the form and manner of notices to be sent to all holders of Claims regarding the Plan and the form of ballots for voting on the Plan; (iii) approving the solicitation materials and solicitation procedures to be used in connection with the confirmation of the Plan; (iv) establishing a record date and voting deadline; (v) scheduling a hearing on confirmation of the Plan; and (vi) granting such other and further relief as the Court deems appropriate.

Dated:  New York, New York
         February 14, 2018

ARCHER & GREINER, P.C.

By:____s/ Allen G. Kadish_____
     Allen G. Kadish
     Harrison H.D. Breakstone
630 Third Avenue
New York, New York 10017
Tel:  (212) 682-4940
Fax:  (212) 682-4942
Email: akadish@archerlaw.com
       hbreakstone@archerlaw.com

*Counsel for Voras Enterprise Inc.,*
*Debtor and Debtor-in-Possession*

## <u>List of Exhibits</u>

**Exhibit A – Notice of Hearing to Consider Confirmation of Debtor's Plan**

**Exhibit B – Notification of Non-Voting Status**

**Exhibit C – Ballot for Accepting or Rejecting Plan of Reorganization**

**Exhibit D – Proposed Order**