ARCHER & GREINER, P.C.  
630 Third Avenue  
New York, New York 10017  
Allen G. Kadish  
Harrison H.D. Breakstone  
Tel: (212) 682-4940  
Fax: (212) 682-4942  
Email:  akadish@archerlaw.com  
            hbreakstone@archerlaw.com  

*Counsel for Voras Enterprise Inc.,*  
*Debtor and Debtor-in-Possession*

Hearing Date: June 21, 2018  
Hearing Time: 3:00 p.m.

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------x

In re:                                                                     Chapter 11

VORAS ENTERPRISE INC.,                              Case No. 1-17-45570 (NHL)

        Debtor.

------------------------------------------------------------x

## MOTION FOR AN ORDER APPROVING
## DEBTOR'S AMENDED DISCLOSURE STATEMENT

TO THE HONORABLE NANCY H. LORD,  
UNITED STATES BANKRUPTCY JUDGE:

        VORAS ENTERPRISE, INC., debtor and debtor-in-possession herein (the "**Debtor**"), by and through its undersigned counsel, hereby moves this Court for an order (i) approving its amended disclosure statement [Docket No. 109] (the "**Disclosure Statement**") for the Debtor's amended chapter 11 plan dated June 19, 2018 [Docket No. 110] (as each may be amended, the "**Plan**").  In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction and Venue

    1.     The Court has jurisdiction over this motion (the "**Motion**") pursuant to 28 U.S.C. § 1334.  This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (L), (N) and (O).

    2.     Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3. The statutory predicates for the relief requested herein are sections 1125, 1126 and 1128 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### Background

4. On October 26, 2017 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the first day declaration filed herein [Docket No. 6], incorporated herein by reference.

6. The Debtor continues in possession of its property and continues to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee or committee has been appointed in the case.

### The Debtor's Proposed Chapter 11 Plan[1]

8. The Debtor believes that the terms of the Plan are fair to all Creditors and is in full compliance with the relevant sections of the Bankruptcy Code.

9. The Debtor has arranged for the Sale of its Building under a chapter 11 plan. Under the Plan, the Debtor will generate the Implementation Funds, from the Sale proceeds, in order to provide a return to all Creditors. The Sale is designed to yield proceeds more than

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan. For a full summary of the Plan, reference should be made thereto and to the Disclosure Statement. The Debtor previously filed a disclosure statement [Docket No. 62] and plan [Docket No. 63]. The Plan as described herein and the Disclosure Statement in support thereof amend the prior documents and center around the new, proposed transaction described in paragraph 9 of this Motion.

sufficient to fund all Allowed Administrative, Priority, Secured and Unsecured claims in full, subject to certain limitations described in the Disclosure Statement and Plan. The balance of the funds made available from the Purchaser will be paid to NEB as a charitable contribution.

## Relief Requested

10. By this Motion, the Debtor respectfully requests an order approving the Disclosure Statement.

I. Approval of Disclosure Statement Pursuant to Section 1125

11. The Debtor submits that the Disclosure Statement should be approved by the Court as it sets forth "adequate information" sufficient to meet the requirements of section 1125(a) of the Bankruptcy Code.

12. "Adequate information" is defined in the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan, and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a).

13. Thus, a debtor's disclosure statement must, as a whole, provide "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the

3

relevant class to make an informed judgment about the class." *See Cadle Co. II v. PC Liquidation Corp. (In re PC Liquidation Corp.),* 383 B.R. 856, 865 (Bankr. E.D.N.Y. 2008) *(citing In re Copy Crafters Quickprint,* 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

14. In measuring the adequacy of the information contained in a disclosure statement, a bankruptcy court has broad discretion. *See In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995). Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See PC Liquidation,* 383 B.R. at 865, *citing Copy Crafters,* 92 B.R. at 979.

15. In October 2005, section 1125(a) of the Bankruptcy Code was amended to specify certain factors that courts should consider when determining the adequacy of a disclosure statement, namely (1) the complexity of the case, (2) the benefit of additional information to creditors and other parties in interest, and (3) the cost of providing additional information.

16. Courts have created a non-exhaustive list of factors that applies with the qualification that "[d]isclosure of all factors is not necessary in every case." *In re Metrocraft Publ'g Servs.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984). The factors are:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the

> accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*Id.* (citations omitted); *see also In re Ashley River Consulting, LLC,* 2015 Bankr. LEXIS 3819 (Bankr. S.D.N.Y. Nov. 6, 2015)*; In re Phoenix Petroleum*, 278 B.R. 385, 406 n.6 (Bankr. E.D. Pa. 2001); 10 Collier on Bankruptcy ¶ 1125.02[2] at 1125.

17. The Disclosure Statement, which the Debtor believes contains sufficient information with respect to the Plan and the Debtor's chapter 11 case, includes a description of:

> (i) the Debtor's pre-petition business operations; (ii) the restructuring efforts of the Debtor, including a description of the events leading up to the Debtor's chapter 11 case; (iii) the proposed distributions on account of secured claims and unsecured claims; (iv) the proposed treatment of administrative expense claims and priority claims; (v) the classification and proposed treatment of claims and equity interests; (vi) the proposed treatment and procedures for resolution of disputed, contingent and unliquidated claims; (vii) the proposed means of implementation of the Plan; (viii) the proposed treatment of executory contracts and unexpired leases; (ix) the proposed conditions precedent to the confirmation and effectiveness of the Plan; (x) the provisions of the Plan regarding releases, injunctions and exculpation; (xi) voting and confirmation procedures; (xii) a chapter 7 liquidation analysis; and (xiii) the federal income tax consequences to the Debtor and a hypothetical investor typical of the holders of claims in the case.[2]

---

[2] Any materials not included or filed with the Disclosure Statement and Plan will be supplemented prior to the hearing hereon.

18. The Debtor submits that the Disclosure Statement contains adequate information, as defined by the Bankruptcy Code and interpreted in relevant case law, for the Debtor's creditors to make an informed judgment about the Plan. Accordingly, the Debtor respectfully requests that the Court approve the Disclosure Statement.

II. Form and Manner of Notice of Hearing on Confirmation of the Plan

    *A. The Proposed Confirmation Hearing Date*

19. Rules 2002(b) and (d) of the Bankruptcy Rules require not less than twenty-eight (28) days notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan. At the hearing to consider this Motion, the Debtor will request the Court fix a date that is at least 35 days thereafter to consider confirmation of the Plan (the "**Proposed Confirmation Hearing Date**"). The Debtor proposes to provide all creditors with a copy of the notice of the Proposed Confirmation Hearing Date substantially in the form attached hereto as Exhibit A (the "**Confirmation Hearing Notice**"). The Confirmation Hearing Notice contains a description of the date, time and location of the Proposed Confirmation Hearing Date, as well as the deadline and manner for filing objections to the Plan. The Debtor proposes to mail the Confirmation Hearing Notice within five (5) days after entry of the order approving this Motion. The Debtor submits that notice of the Proposed Confirmation Hearing Date, as set forth above, complies with Bankruptcy Rule 2002.

    *B. Procedures for Objections to the Plan*

20. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." The Confirmation Hearing Notice provides, and the Debtor requests that the Court direct, that objections, if any, to the

Plan must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed with the Clerk of the Court, with a copy delivered to Chambers, and served so as to be received by (a) counsel to the Debtor and (b) the United States Trustee on or before a date to be determined by the Court that is at least seven (7) days prior to the Proposed Confirmation Hearing Date (the "**Objection Deadline**").  The proposed timing for service of objections, if any, will afford the Court, the Debtor and other parties in interest sufficient time to consider the objections before the Proposed Confirmation Hearing Date.

21. The Debtor submits that the foregoing proposed notice procedures will afford adequate notice of the Proposed Confirmation Hearing Date.

III. <u>Non-Voting Status</u>

22. The Plan provides for payment of all Allowed Administrative, Priority, Secured and Unsecured Claims in full, subject to certain limitations described therein. Therefore, no Creditors are invited to vote on the Plan.  No Creditors except NEB are Impaired, and votes will not be solicited.  Nevertheless, the Debtor desires to provide notice of the Plan to all known Creditors.

## **No Prior Request**

23. No prior motion for the relief requested herein has been made to this or any other court.

### **Conclusion**

WHEREFORE, the Debtor requests that the Court enter an Order, substantially in the form annexed hereto as Exhibit C, approving the Disclosure Statement and granting such other and further relief as the Court deems appropriate.

Dated: New York, New York  ARCHER & GREINER, P.C.
       June 19, 2018

                                        By:   s/ Allen G. Kadish
                                            Allen G. Kadish
                                            Harrison H.D. Breakstone
                                    630 Third Avenue
                                    New York, New York 10017
                                    Tel:   (212) 682-4940
                                    Fax:  (212) 682-4942
                                    Email: akadish@archerlaw.com
                                                      hbreakstone@archerlaw.com

                                    *Counsel for Voras Enterprise Inc.,*
                                    *Debtor and Debtor-in-Possession*

## List of Exhibits

**Exhibit A:** Notice of Hearing to Consider Confirmation of Debtor's Plan

**Exhibit B:** Proposed Order

## **EXHIBIT A**

**Notice of Hearing to Consider Confirmation of Debtor's Plan**

ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Allen G. Kadish
Harrison H.D. Breakstone
Tel: (212) 682-4940
Fax: (212) 682-4942
Email:  akadish@archerlaw.com
             hbreakstone@archerlaw.com

*Counsel for Voras Enterprise Inc.,*
*Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| VORAS ENTERPRISE INC., | Case No. 1-17-45570 (NHL) |
| Debtor. | |

-----------------------------------------------------------x

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF DEBTOR'S PLAN

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT

PLEASE TAKE NOTICE that a hearing to confirm the Amended Chapter 11 Plan [Docket No. 110] (the "Plan") filed by Voras Enterprise Inc. (the "Debtor"), has been scheduled by the Court, and the following deadlines and procedures have been established:

### HEARING TO CONFIRM PLAN

1. A hearing to confirm the Plan (the "Confirmation Hearing") will commence on _____day, _____ __, 2018 at __:__ _.m. before Honorable Nancy H. Lord, United States Bankruptcy Judge, held before the Honorable Nancy H. Lord, United States Bankruptcy Judge, in Courtroom 3577, at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800, or as soon thereafter as counsel may be heard.  The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without further notice to parties in interest.  The Court, in its discretion and prior to the Confirmation Hearing, may implement additional procedures governing the Confirmation Hearing.

## ESTABLISHMENT OF OBJECTION DEADLINE AND PROCEDURES

2. The Court established _____day, _____ \_\_, 2018 at \_\_:\_\_ \_.m. as the last date and time for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). Objections not filed and served by the Objection Deadline in the manner set forth in paragraph 3 below will not be considered by the Court.

3. To be considered by the Court, objections, if any, to confirmation of the Plan, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection, and (d) be filed with the Clerk of the Court, with a copy delivered to Chambers, and served so that they are received on or before the Objection Deadline by:

<u>Counsel to Debtor and Debtor in Possession:</u>

Archer & Greiner, P.C.
630 Third Avenue, 7th Floor
New York, New York 10017
Attn: Allen G. Kadish , Esq.
   Harrison H.D. Breakstone, Esq.

<u>United States Trustee:</u>

Office of the United States Trustee
201 Varick Street, Suite 1006
New York, New York 10014
Attn:  Marylou Martin, Esq.

4. The Court will consider only written objections filed and served by the Objection Deadline. Objections not timely filed and served in accordance with the provisions of this Notice will not be heard and will be overruled.

5. All documents filed with the Court, including the Plan, are available for inspection at the Office of the Clerk of the Bankruptcy Court or on the Court's website (www.nyeb.uscourts.gov).

## PLAN PROVIDES FOR RELEASES

6. *The Plan provides that on the Effective Date, each Creditor will be deemed to have irrevocably waived and released and discharged the Debtor and its affiliates or any of its respective officers, managers, directors, employees, members, partners, representatives, attorneys, Professionals, predecessors, successors and assigns (collectively, the "Debtor Released Parties") from and against any and all claims, liabilities, suits, actions, threatened actions, whether in law or in equity, that may have existed from the beginning of time to the Effective Date. There are other injunction and exculpation provision of the Plan; each party is urged to review Article VIII to fully understand these provisions.*

Dated:  New York, New York  ARCHER & GREINER, P.C.
       June __, 2018

By: _____
    Allen G. Kadish
    Harrison H.D. Breakstone
630 Third Avenue
New York, New York 10017
Tel:  (212) 682-4940
Fax:  (212) 682-4942
Email: akadish@archerlaw.com
       hbreakstone@archerlaw.com

*Counsel for Voras Enterprise Inc.,
Debtor and Debtor-in-Possession*

## **EXHIBIT B**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                          Chapter 11

VORAS ENTERPRISE INC.,                              Case No. 1-17-45570 (NHL)

           Debtor.

-----------------------------------------------------------x

## ORDER APPROVING DEBTOR'S DISCLOSURE STATEMENT

Upon the motion (the "Motion") of Voras Enterprise Inc., debtor and debtor in possession ("Debtor"), for the entry of an order approving the Debtor's Amended Disclosure Statement in Support of Amended Chapter 11 Plan [Docket No. 109] (the "Disclosure Statement") for its Amended Chapter 11 Plan [Docket No. 110] (as the same may be amended, the "Plan") as containing "adequate information" as such term is defined in 11 U.S.C. § 1125(a); and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion presents a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (L), (N) and (O); and a hearing on the Motion having been held on June 21, 2018 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Disclosure Statement contains "adequate information" as such term is defined in 11 U.S.C. § 1125(a); and it is further

ORDERED that the Debtor is authorized to make non-material changes to the Disclosure Statement prior to distributing it in accordance herewith; and it is further

ORDERED that the hearing to consider confirmation of the Plan is hereby scheduled for __ day, _____ __, 2018 at __:__ _.m.; and it is further

ORDERED that the form of the Confirmation Hearing Notice attached as <u>Exhibit A</u> to the Motion is hereby approved; and it is further

ORDERED that within three business days from entry hereof the Debtor shall issue the Confirmation Hearing Notice with a copy of the Disclosure Statement and Plan to all known creditors and parties in interest and file proof of service thereof; and it is further

ORDERED that the Debtor is authorized and empowered to take all actions and execute such documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.