PATTERSON BELKNAP WEBB & TYLER LLP  Hearing Date: July 26, 2018 at 3:30 pm
1133 Avenue of the Americas  Objection Deadline: July 19, 2018[1]
New York, NY 10036-6710
Tel: 212-336-2000
Fax: 212-336-2153
Daniel A. Lowenthal
dalowenthal@pbwt.com

*Counsel for Brooklyn Legal Services Corp. A*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                              Chapter 11

VORAS ENTERPRISE INC.,                              Case No. 1-17-45570 (NHL)

                Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF BROOKLYN LEGAL SERVICES CORP. A TO THE AMENDED DISCLOSURE STATEMENT IN SUPPORT OF AMENDED CHAPTER 11 PLAN AND THE AMENDED CHAPTER 11 PLAN[2]**

TO THE HONORABLE NANCY H. LORD
UNITED STATES BANKRUPTCY JUDGE:

      Brooklyn Legal Services Corp. A, by and through its undersigned counsel, submits this Limited Objection and Reservation of Rights to the Amended Disclosure Statement In Support of Amended Chapter 11 Plan ("Amended Disclosure Statement") [ECF. No. 109] and the Amended Chapter 11 Plan ("Amended Plan") [ECF. No. 110], and respectfully represents:

      1.     Brooklyn Legal Services Corp. A ("Brooklyn Legal") is a business that provides high-quality legal assistance to low-income individuals and community groups in North and East

---

[1] The Debtor extended Brooklyn Legal's response deadline until July 23, 2018 at 5pm while the Debtor and Brooklyn Legal discussed certain issues addressed herein.

[2] Capitalized terms not defined herein have the meanings given to them in the Amended Plan.

Brooklyn, NY.  The Debtor, as landlord, and Brooklyn Legal, as tenant, are parties to an office lease ("Lease"), dated as of July 1, 2016, concerning nonresidential real property located at 619 Throop Avenue, Suite 300, Brooklyn, NY  11216.  The Lease was for an initial two-year term and has been extended pursuant to its terms for a new five-year term.

2. On March 9, 2018, Brooklyn Legal filed a proof of claim in this case ("Claim") [Claim No. 9].  The Claim asserted that "the Debtor breached the Lease by failing to provide, among other things, adequate elevator and HVAC services, resulting in damages to Brooklyn Legal in an amount to be determined."  The Debtor then granted Brooklyn Legal rent abatement for the months of November and December 2017, and January, February, May, and June 2018.  Brooklyn Legal is current on all rent due under the Lease.

3. Each of the Amended Disclosure Statement and the Amended Plan includes an exhibit that purports to reserve the Debtor's right to "pursue and defend itself in a landlord/tenant dispute regarding the non-payment of rent."  (Amended Disclosure Statement, Exh.5.2 Amended Plan, Exh. B.)  Brooklyn Legal understands that the Debtor filed the Amended Disclosure Statement and the Amended Plan before it reached agreement with Brooklyn Legal on the rent abatement described above.  The Debtor should confirm that the language quoted from Exhibits 5.2 and B is no longer applicable to Brooklyn Legal since there is no dispute remaining concerning the payment of rent by Brooklyn Legal.

4. In addition, the Amended Disclosure Statement and the Amended Plan identify the proposed Purchaser as "619 Throop Acquisitions LLC or an Affiliate and as otherwise set forth in the Contract of Sale."  The Amended Plan appears to permit the Debtor to decide after confirmation but before the Effective Date if it will seek to assume or reject the Lease.  (Amended Plan, ¶ 5.1.)  The Amended Plan also states that (i) claims arising from the rejection

10523926v.3

of unexpired leases shall be treated as General Unsecured Claims (Amended Plan, ¶ 5.2), and (ii) such claims "are unimpaired and do not vote" (Amended Plan, ¶ 4.6).

5. Bankruptcy Code section 1123(b)(2) provides that a plan may, "subject section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section." The post-confirmation and pre-Effective Date potential rejection of the Lease could result in Brooklyn Legal having a claim to assert for damages. If, as noted above, the Amended Plan provides that all claims are unimpaired and thus not entitled to vote, then it is imperative that the Debtor make clear in the Amended Disclosure Statement how such rejection would leave Brooklyn Legal's legal, equitable, and contractual rights unimpaired. In light of this uncertainty, Brooklyn Legal reserves its rights to challenge the feasibility of the Amended Plan.

6. The Amended Plan and the Sale Contract state that the Sale will be completed pursuant to Bankruptcy Code sections 363(b) and (f) and 1123(a)(5)(B). (Amended Plan, ¶ 6.1; Sale Contract, § 1.02.) To the extent that the proposed purchaser or any other entity would seek to acquire the property "free and clear" of the Lease, which Brooklyn Legal would oppose, (a) the confirmation order must identify which subsection or subsections of section 363(f) are applicable to such sale, and (b) the Debtor must satisfy its burden of proof with respect to such subsection or subsections. In addition, the confirmation order should preserve all of Brooklyn Legal's rights upon either assumption or rejection of the Lease including, but not limited to, its rights to possession under Bankruptcy Code section 365(h), its right to seek payment of any cure amount required under section 365(b), its right to demand adequate assurance of future performance by the proposed purchaser, and, if applicable, its right to request adequate protection under Bankruptcy Code section 363(e). Brooklyn Legal reserves all rights to

comment on and, if necessary, object to the proposed confirmation order at the appropriate time.

WHEREFORE, Brooklyn Legal Services Corp. A respectfully requests that the Court (a) require the Debtor to (i) revise the Exhibits to the Amended Disclosure Statement and the Amended Plan as requested, (ii) provide adequate disclosure about the consequences of a post-confirmation rejection of the Lease, and (iii) deliver a copy of the proposed confirmation order to Brooklyn Legal sufficiently in advance of the deadline for any objection thereto, and (b) grant such other and further relief that is just and proper.

Dated: New York, New York
      July 23, 2018

PATTERSON BELKNAP WEBB & TYLER LLP

By:   s/Daniel A. Lowenthal
      Daniel A. Lowenthal
      1133 Avenue of the Americas
      New York, NY 10036-6710
      Tel: 212-336-2000
      Fax:  212-336-1253

*Counsel for Brooklyn Legal Services Corp. A*