| | |
|---|---|
| ARCHER & GREINER, P.C.<br>630 Third Avenue<br>New York, New York 10017<br>Tel: (212) 682-4940<br>Allen G. Kadish<br>Harrison H.D. Breakstone<br>Email: akadish@archerlaw.com<br>       hbreakstone@archerlaw.com | Hearing Date: July 26, 2018<br>Hearing Time: 3:30 p.m. |

*Counsel for Voras Enterprise Inc.,*
*Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                                                    Chapter 11

VORAS ENTERPRISE INC.,                                      Case No. 1-17-45570 (NHL)

        Debtor.

-----------------------------------------------------------x

## DECLARATION OF JEFFREY E. DUNSTON
## IN SUPPORT OF CONFIRMATION
## <u>OF AMENDED CHAPTER 11 PLAN</u>

JEFFREY E. DUNSTON, declares as follows:

1. I make this declaration under penalty of perjury consistent with 28 U.S.C. 1746. I have personal knowledge of the facts set forth in this declaration.

2. I am the Chief Executive Officer of Voras Enterprise Inc. (the "**Debtor**" or "**Voras**"), a New York not-for-profit corporation.

3. I am acting herein on behalf of the Debtor, and I submit this declaration in support of the confirmation of the Debtor's *Amended Chapter 11 Plan* dated June 19, 2018 (the "**Plan**") [Docket No. 110].[1]

---

[1] Capitalized, undefined terms are as in the Plan.

4. As Chief Executive Officer, I am familiar with the business, operations and assets of the Debtor. My duties include supervision of daily operations and business affairs of the Debtor.

5. I am also familiar with and participated in, the negotiations leading to, and the terms and conditions of the Plan, the Debtor's *Amended Disclosure Statement in Support of Amended Chapter 11 Plan*, dated June 19, 2018 [Docket No. 109] (the "**Disclosure Statement**"), and the documents related thereto. More specifically, I was directly responsible for supervising the preparation of the Disclosure Statement and Plan and I reviewed them for accuracy and completeness. I am responsible for negotiation of the Sale Contract. I have conferred with the Debtor's bankruptcy counsel to prepare this declaration.

6. The Debtor believes that the terms of the Plan are fair to all Creditors and that the Plan is in full compliance with the relevant sections of the Bankruptcy Code.

7. The Debtor has arranged for the Sale of its Building under a chapter 11 plan. Under the Plan, the Debtor will generate the Implementation Funds from the Sale proceeds, in order to provide a return to all Creditors. The Sale is designed to yield proceeds more than sufficient to fund all Allowed Administrative, Priority, Secured and Unsecured claims in full, subject to certain limitations described in the Disclosure Statement and Plan. The balance of the funds made available from the Purchaser will be paid to NEB as a charitable contribution thereby furthering the missions of both the Debtor and NEB.

8. Under the Plan, all Allowed Unsecured Creditors will receive Cash equal to 100% of their Allowed Claims plus appropriate interest. A 100% return to Creditors on account of their Allowed Claims would not be assured in a liquidation such as a foreclosure.

9. The Debtor believes that the Plan is feasible and not reasonably likely to be

followed by resort to further reorganization or liquidation under the supervision of the Bankruptcy Court. As discussed above, the Debtor has, with the real estate advisory services of Keen-Summit Capital Partners LLC, located the Purchaser. The Debtor and the Purchaser have agreed upon a Purchase Price that will provide the necessary Implementation Funds. In sum, the Sale will generate more than enough money to pay all Claims and expenses and yield a charitable contribution with the excess. The Purchase Price is the 100-cent Plan Amount plus the Charitable Contribution, to equal $12,000,000.00. The contemplated transaction is for an "as is" "where is" sale, free and clear of all liens, claims and encumbrances, with no financing or any other contingencies. The Sale will require approval by the Office of the New York Attorney General. Upon consideration of all the terms of the proposed Sale, a closing date and Effective Date of August 31, 2018 has been projected.

10. I directed the retention of special real estate counsel for the Debtor, Sperber Denenberg and Kahan P.C. ("**SDK**") retained pursuant to Court order. SDK submitted a parallel petition for approval of the Sale to the New York Attorney General with all exhibits as required. We are awaiting approval.

11. I believe the Debtor will be able to meet all its obligations under the Plan. In particular based on the projections, assuming the closing date (and Effective Date) is August 31, 2018, the Debtor will have sufficient Implementation Funds to make all transfers required to be made on such date.

12. I have conferenced with our chapter 11 counsel with respect to the Disclosure Statement, Plan and this declaration. As I understand it, the Plan complies with all legal requirements, as follows.

### i.    Section 1129(a)(1)—Compliance with the Bankruptcy Code

13.    The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, 1128 and 1129 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019.

### ii.    Section 1129(a)(2)—Debtor's Compliance with the Bankruptcy Code

14.    The Debtor has participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distribution of recoveries under the Plan. The Plan satisfies the requirements of section 1129(a)(2) of the Bankruptcy Code.

### iii.    Section 1129(a)(3)—Good Faith

15.    The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Plan was proposed with the legitimate and honest purpose of maximizing value for the benefit of the Debtor and the Debtor's Creditors.

### iv.    Section 1129(a)(4)—Administrative Payments

16.    The Plan satisfies section 1129(a)(4) of the Bankruptcy Code. Article 3 of the Plan provides adequate procedures for the payment of Allowed Administrative Expense Claims and Allowed Professional Fee Claims. The Debtor will pay all Administrative Expense Claims and Allowed Professional Fee Claims in full whether upon the Effective Date, or if not Allowed as of the Effective Date, then the funds will be held and paid upon subsequent Court order as set forth in the Plan.

### v.    Section 1129(a)(7)—Debtor's Compliance with the Bankruptcy Code

17.    The Debtor projects that each Claimant will receive under the Plan, on account of its Claim, property of a value, as of the Effective Date, that is not less than the amount that it

would receive if the Debtor were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code. Thus, the Plan satisfies the "best interests" test of section 1129(a)(7) of the Bankruptcy Code.

### vi. Section 1129(a)(8)—No Voting

18. Since all Claimants are Unimpaired under the Plan, pursuant to section 1126(f) of the Bankruptcy Code, no Claimants are entitled to vote on the Plan and all Claimants are conclusively presumed to have accepted the Plan.

### vii. Section 1129(a)(9)—Priority Claims

19. The Debtor believes that the treatment of Administrative Claims and Priority Tax Claims under Article IV of the Plan, which are required to be paid in full, satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code.

### viii. Section 1129(a)(11)—Feasibility

20. The Debtor believes all filings and the information contained in the Disclosure Statement and Plan: (a) are reasonable, persuasive and credible; (b) have not been controverted by other evidence; (c) establish that the Plan is feasible; and (d) establish that the Debtor will have sufficient funds available to meet its obligations under the Plan. The Sale Contract was negotiated so as to achieve a feasible transaction to effectuate the requirements of the Plan and the Bankruptcy Code. Accordingly, the Debtor believes that the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

### ix. Section 1129(a)(12)—Bankruptcy Fees

21. The Debtor believes the requirements of section 1129(a)(12) of the Bankruptcy Code will be satisfied. The Plan provides that the Debtor will pay in full, in Cash, any fees due and owing to the U.S. Trustee on the Effective Date. Fees payable to the U.S. Trustee accruing

after the Effective Date and any applicable interest will be paid until entry of a final decree or until the case otherwise is closed.

### x. Section 1129(a)(16)—Nonbankruptcy Law

22. The Plan provides for the Sale of the Building in accordance with all applicable provisions of nonbankruptcy law that govern the transfer of property and therefore satisfies section 1129(a)(16). Specifically, as set forth in paragraphs 9 and 10 above, the closing of the Sale and therefore the Effective Date of the Plan are conditioned upon approval of the Office of the New York Attorney General.

### xi. Inapplicable Subsections Under Section 1129

23. Sections 1129(a)(5), (6), (10), (13), (14) and (15) are inapplicable to confirmation of the Plan.

### xii. Section 1129(c)—One Plan

24. The Debtor seeks confirmation only of the Plan satisfying section 1129(c) of the Bankruptcy Code. The Debtor does not request confirmation of any other plan with respect to the Debtor, including any plan previously filed by the Debtor in this Case.

### xiii. Section 1129(d)—Avoidance of Taxes

25. The principal purpose of the Plan is not the avoidance of taxes.

26. I believe that the terms of the Plan are fair to all Creditors, in full compliance with the requirements of the Bankruptcy Code, and consistent with the mission and purpose of the Debtor. Therefore, I respectfully request that the Court confirm the Plan.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
  July 24, 2018                                         s/ Jeffrey E. Dunston
                                                              Jeffrey E. Dunston

214826200v2