ARCHER & GREINER, P.C.                          Hearing Date: January 10, 2019
630 Third Avenue                                Hearing Time: 2:00 P.M.
New York, New York 10017                        Objection Date: January 3, 2019
Allen G. Kadish
Harrison H.D. Breakstone
Tel: (212) 682-4940
Email:  akadish@archerlaw.com
        hbreakstone@archerlaw.com

*Counsel for Voras Enterprise Inc.,*
*Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                          Chapter 11

VORAS ENTERPRISE INC.,                          Case No. 1-17-45570 (NHL)

          Debtor.

---------------------------------------------------------x

## NOTICE OF HEARING TO CONSIDER
## APPROVAL OF DEBTOR'S AMENDED DISCLOSURE STATEMENT AND
## CONFIRMATION OF DEBTOR'S AMENDED PLAN OF REORGANIZATION

          PLEASE TAKE NOTICE that on June 19, 2018, Voras Enterprise Inc. (the "Debtor") filed the *Amended Disclosure Statement in Support of the Amended Plan of Reorganization* [Docket No. 109] (the "Disclosure Statement") and the *Amended Plan of Reorganization* [Docket No. 110] (the "Plan").[1]

          PLEASE TAKE FURTHER NOTICE that on December 14, 2018, the New York State Office of the Attorney General approved the Sale pursuant to New York Not-for-Profit Corporation Law sections 510 and 511 [*see* www.charitiesnys.com/Transactions/jsp/home.jsp].

          PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing") will commence on Thursday, January 10, 2019 at 2:00 p.m. before the Honorable Nancy H. Lord, United States Bankruptcy Judge, in Courtroom 3577 at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800.  The Combined Hearing may be continued from time to time by

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Amended Plan.

announcing such continuance in open court or otherwise, all without further notice to parties in interest.

## NOTICE OF ASSUMPTION OF LEASES

PLEASE TAKE FURTHER NOTICE that the Debtor is proposing to assume all Unexpired Leases (as defined in the Plan) in the context of the Sale contemplated by the Plan.

PLEASE TAKE FURTHER NOTICE that if you are receiving this notice and you are a counterparty to an Unexpired Lease with the Debtor that has not yet been assumed or rejected, the Debtor has elected to assume, and assign to the Purchaser in the context of the Sale contemplated by the Plan, your Unexpired Lease, in connection with the Sale effective as of the Effective Date of the Plan. The Debtor reserves all rights with respect to the assumption or rejection of any Unexpired Lease in the event there is no Effective Date and no Sale.

PLEASE TAKE FURTHER NOTICE that section 365(b)(1) of the United States Bankruptcy Code requires that the Debtor cure, or provide adequate assurance that it will promptly cure, any defaults under the Unexpired Leases at the time of assumption. Accordingly, the Debtor has determined that there is no cure amount due or outstanding for any Unexpired Lease.

PLEASE TAKE FURTHER NOTICE that if a timely objection to the proposed assumption or related cure amount is sustained by the Court, the Debtor, with the consent of the Purchaser, may elect to reject such Unexpired Lease in lieu of assuming it.

PLEASE TAKE FURTHER NOTICE that any counterparty to an Unexpired Lease who fails to timely object to the proposed assumption, assignment, cure amount or Sale will be deemed to have consented to such assumption, assignment, cure amount and Sale.

## OBJECTION DEADLINE

PLEASE TAKE FURTHER NOTICE that objections, if any, to

(a)     approval of the Disclosure Statement;
(b)     confirmation of the Plan;
(c)     assumption of all Unexpired Leases; or
(d)     setting of cure at zero dollars,

must be

(i)     electronically filed with the Bankruptcy Court;
(ii)    delivered to the Chambers of the Honorable Nancy Hershey Lord;
(iii)   served upon Archer & Greiner, P.C., counsel to the Debtor, Attn: Allen G. Kadish, Esq., 630 Third Avenue, New York, New York 10017; and

    (iv)  served upon the Office of the United States Trustee, Attn: Marylou Martin, Esq., 201 Varick Street, New York, New York 10014;

so as to be filed and received no later than Thursday, January 3, 2019.

### PLAN PROVIDES FOR RELEASES

*Debtor Release:  The Amended Plan provides that on the Effective Date, each Creditor will be deemed to have irrevocably waived and released and discharged the Debtor and its affiliates and any of its respective officers, managers, directors, employees, members, partners, representatives, attorneys, Professionals, predecessors, successors and assigns (collectively, the "Debtor Released Parties") from and against any and all claims, liabilities, suits, actions, threatened actions, whether in law or in equity, that may have existed from the beginning of time to the Effective Date including all claims or liabilities arising in connection with the formulation and efforts to confirm the Plan; provided however that the foregoing release will not constitute a release of the Debtor from any of its obligations under the Plan.*

*NEB Release:  In consideration for its subordinated treatment in Class 6 of the Plan, and for other good and valuable consideration, the Amended Plan provides that on the Effective Date, the Debtor and each Creditor will be deemed to have irrevocably waived, released and discharged NEB and its affiliates and any of its respective officers, managers, directors, employees, members, partners, representatives, attorneys, predecessors, successors and assigns from any and all claims, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, arising in connection with any claims or obligations on behalf of the Debtor and each Creditor that arose or occurred on or prior to the Effective Date.*

*Exculpation:  Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either of the Debtor Release or NEB Release (each as described above), and except as otherwise specifically provided in the Amended Plan, the Debtor Released Parties are exculpated by and with respect to all parties (including the Debtor, Creditors and NEB) from claims, liabilities, suits, actions and threatened actions, whether in law or in equity, that may have existed prepetition or action taken postpetition or omitted to be taken in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming, administering, implementing, or consummating the Plan or the Case.*

    Each party is urged to review Article VII of the Disclosure Statement and Article VIII of the Plan to fully understand the release and exculpation provisions of the Plan.

Dated:  New York, New York
      December 21, 2018

ARCHER & GREINER, P.C.


By:    s/ Allen G. Kadish                    
      Allen G. Kadish
      Harrison H.D. Breakstone
630 Third Avenue
New York, New York 10017
Tel:   (212) 682-4940
Email: akadish@archerlaw.com
        hbreakstone@archerlaw.com

*Counsel for Voras Enterprise Inc.,*
*Debtor and Debtor-in-Possession*