UNITED STATES BANKRUPTCY COURT          **Hearing Date:  January 10, 2019**
EASTERN DISTRICT OF NEW YORK             **Hearing Time:  2:00 p.m.**
------------------------------------------------------------x

In re                                                    Chapter 11

VORAS ENTERPRISES, INC.,                                 Case No. 17-45570 (NHL)

                              Debtor.

------------------------------------------------------------x

### LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO CONFIRMATION OF THE DEBTOR'S AMENDED PLAN OF REORGANIZATION

TO:    THE HONORABLE NANCY HERSHEY LORD,
       UNITED STATES BANKRUPTCY JUDGE:

       William K. Harrington, the United States Trustee for Region 2 (the "United States

Trustee'), by and through his undersigned counsel, respectfully submits this limited objection to

the confirmation of the amended plan of reorganization (the "Plan"), dated June 19, 2018 of

Voras Enterprises, Inc., (the "Debtor").  ECF Doc. No 110.  For the reasons set forth below, the

Plan should not be confirmed unless the Debtor can establish that it meets the requirements of

section 1129 of the Bankruptcy Code.  In support hereof, the United States Trustee respectfully

states:

## 1.  BACKGROUND

       The Debtor's Plan, which provides for payment of all claims in full, is to be funded by a

sale of its property located at 609-619 Throop Avenue, Brooklyn, New York (the "Property"),

pursuant to a contract (the "Contract of Sale") with 619 Throop Acquisition Corp. ("619 Throop"

or the "Purchaser").  The Contract of Sale, attached as Exhibit A to the Plan, as well as the Plan

itself, provide that a portion of the $12 million sale price (the "Purchase Price") is to be paid to

Northeast Brooklyn Development Corp. ("NEB")[1] as a charitable contribution, and each

document states as follows:

> The Purchase Price shall be the sum of (i) the amount necessary to
> pay all administrative, professional, priority, secured, and
> unsecured claims and costs of closing in the Case in cash, in full,
> from the proceeds of sale (the "100-cent Plan Amount"); and (ii)
> the difference between the 100-cent Plan Amount and
> $12,000,000.00 (the "Charitable Contribution"). The Charitable
> Contribution shall be paid to NEB, a 26 U.S.C. § 501(c)(3)
> organization, as a charitable contribution.

ECF Doc. No 110.

## 2. LIMITED OBJECTION

It is unclear how the proceeds of sale can qualify as consideration for the purchase of the

Debtor's Property on one hand, and as a charitable contribution from the Purchaser to a non-

debtor entity on the other.  This proposed sale transaction, that would bestow a benefit on NEB

and 916 Throop, calls into question who negotiated the arrangement on behalf of NEB, and why

this non-debtor entity has been inserted into a sale transaction of estate Property for the sole

purpose of receiving a charitable contribution.

Moreover, the payment structure of the Purchase Price raises tax implications, including

whether: 1) the Purchaser is entitled to a deduction for a "charitable contribution" which is

actually consideration for the purchase of real estate, 2) the Debtor is entitled to a transfer tax

exemption for the entire Purchase Price and 3) whether the charitable contribution classification,

if improper, renders the plan unconfirmable. 11 U.S.C. §§ 1146(c) and 1129(d).  Additional

issues arise with respect whether the real estate broker's commission can or should extend to that

portion of the Purchase Price to be paid to NEB as a charitable contribution.

---

[1] NEB is the sole member of the Debtor.

For these reasons, unless the Debtor can adequately address the concerns outlined above, the United States Trustee objects to confirmation of the Plan to the extent its implementation is dependent upon the Contract of Sale that calls for the Purchase Price to include a charitable contribution to NEB.

Dated:  New York, New York
       January 7, 2019

                                   Respectfully submitted,

                                   WILLIAM K. HARRINGTON
                                   UNITED STATES TRUSTEE

By:    */s/ William E. Curtin*
        William E. Curtin
        Trial Attorney
        201 Varick Street, Suite 1006
        New York, New York 10014
        Tel. No. (212) 510-0500
        Fax No. (212) 668-2255