**<u>Exhibit A</u>**

BKA Termination Agreement

<u>**TERMINATION AND SURRENDER AGREEMENT**</u>

This Termination and Surrender Agreement (the "Agreement"), made as of the 30th day of April, 2019 by and between Throop Owner LLC, together with its assignee(s) and successor(s) ("Incoming Landlord") and Brooklyn Legal Services Corporation A ("Tenant").

## WITNESSETH:

**WHEREAS**, Incoming Landlord, as the assignee of 619 Throop Acquisition LLC, shall become the owner and landlord of the building located at and known by the street address 601-619 Throop Avenue, Brooklyn, New York 11216 (the "Building") as of the closing with Voras Enterprises, Inc. ("Voras");

**WHEREAS,** Voras filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Eastern District in New York (the "Bankruptcy Court") and thereafter entered into a contract to sell (the "Sale") the Building pursuant to and in furtherance of a plan of reorganization as amended (the "Plan") filed by Voras;

**WHEREAS**, Tenant is in possession of the office space on the third floor (the "Premises") in the Building pursuant to a lease, dated July 1, 2016, as amended, by and between Voras and Tenant (the "Lease");

**WHEREAS**, the Lease expires upon its own terms on June 30, 2023, subject to any right to an earlier termination by default or otherwise contained in the Lease;

**WHEREAS**, the Plan contemplates, *inter alia*, that Incoming Landlord and Tenant, post-confirmation, shall implement this voluntary termination and surrender agreement (the "Agreement");

**WHEREAS**, this Agreement is being executed and submitted as part of Confirmation of the Plan and shall be effective only upon the entry of an Order of the Bankruptcy Court approving the Plan (the "Confirmation Order") so long as the Confirmation Order is entered on or before May 3, 2019 (the actual date of such entry being the "Confirmation Date"), and the Escrow Agent is in receipt of a wire in the amount of $400,000 pursuant to Paragraph 4(a) below, and the payment of the first $200,000 is made pursuant to Paragraph 4(c) below, otherwise this Agreement shall be declared null and void *ab initio*; and

**WHEREAS**, Tenant's obligation to surrender possession of the Premises and terminate the Lease shall become fully binding and enforceable as of the Confirmation Date and establishment of the escrow of $400,000 in immediately good wired funds to be disbursed as provided herein.

**NOW, THEREFORE**, in consideration of the mutual agreement and covenants herein contained, Incoming Landlord and Tenant hereby agree as follows:

1.      The above recitals are hereby incorporated into this Agreement as if fully set forth herein. All capitalized terms used and not otherwise defined in this Agreement shall have the respective meanings ascribed to them in the Lease.

2.      As of the closing of the Sale (which is the Effective Date of the Plan), the Lease shall be assumed and assigned to Incoming Landlord by Voras without a cure payment or other monetary obligation, subject to the simultaneous termination of the Lease pursuant to the terms of this Agreement.

3.      In consideration for the terms herein, including, but not limited to, the cancellation and termination of the Lease as of the closing of the Sale and/or Tenant's timely surrender of the Premises, Incoming Landlord shall pay Tenant the total sum of $400,000 in the manner provided below (the "Termination Payment").

4.      The Termination Payment is subject to the following terms and conditions and shall be paid as follows:

      a.      Contemporaneously with the full execution of this Agreement, Incoming Landlord shall pay into escrow the total sum of $400,000 to be held by Incoming Landlord's counsel (the "Escrow Agent") pursuant to an escrow agreement, in a separate non-interest bearing account (the "Escrow"). The Escrow shall be maintained by the Escrow Agent for the benefit of Tenant pending entry of the Confirmation Order (including simultaneous Bankruptcy Court approval of the Sale and approval of this Agreement).

      b.      Following entry of the Confirmation Order, the Escrow shall be disbursed by the Escrow Agent as set forth in subsections (c) and (d) below.  In the event that the Confirmation Order is not entered by the Bankruptcy Court for any or no reason on or before May 3, 2019, then the Escrow shall be returned to Incoming Landlord and this Agreement shall be null and void.

      c.      No later than two (2) business days after the Confirmation Date, the Escrow Agent shall automatically release to Tenant the first $200,000 from the Escrow by wire to an account designated by Tenant.

      d.      The Escrow Agent shall release the second $200,000 payment from Escrow to Tenant no later than two (2) business days after Tenant timely vacates and surrenders possession of the Premises in its then "as is" condition pursuant to the terms and conditions herein, provided, however, that Tenant need not make any restorations or repairs to the Premises.

5.      Tenant shall surrender possession of the Premises to Incoming Landlord no later than December 31, 2019 (the "Outside Surrender Date"), time being of the essence (the date on which actual possession of the Premises is actually so surrendered, and which Surrender Date may be any date selected by Tenant before the Outside Surrender Date, being herein referred to as the "Surrender Date").  Tenant's obligation to surrender possession of the Premises on or

- 2 -

before the Outside Surrender Date is indefeasible, absolute and will be ultimately secured by the issuance of a judgment of possession and a warrant of eviction (stayed through the Outside Surrender Date) as set forth below.

6.      In order to secure the delivery of possession to Incoming Landlord in accordance with this Agreement, simultaneously with the execution of this Agreement, Tenant shall execute and deliver to Incoming Landlord the stipulation of settlement, in the form annexed hereto as Exhibit A (the "Stipulation"), awarding Incoming Landlord a final judgment of possession for the Premises against Tenant, and which shall provide for the issuance of a warrant of eviction forthwith, with a stay of the execution of the warrant through and including December 31, 2019, and allowing Tenant to remain in possession of the Premises as set forth therein. The terms and conditions of the Stipulation are incorporated into this Agreement as if fully set forth below.

7.      For the purpose of filing the Stipulation, on or after November 1, 2019, Incoming Landlord shall commence a proceeding ("Proceeding") in New York City Civil Court by filing the Notice of Petition and Petition (collectively, the "Petition"), substantially in the form annexed collectively hereto as Exhibit B. Incoming Landlord will serve the Petition upon Tenant's counsel, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036, Attention: Robert Safron, Esq., by email to rmsafron@pbwt.com and by certified mail, which Tenant acknowledges shall be deemed good and sufficient service of the Petition. If required by court rule or the presiding judge, Tenant shall appear personally or through counsel in Court on a mutually agreed upon date to confirm their agreement to the terms of the Stipulation. Notwithstanding the foregoing, it is understood and agreed that in no event shall the Proceeding be commenced and/or the Stipulation filed with the New York City Civil Court before November 1, 2019, and Tenant shall not seek a further stay of the eviction.

8.      On the Surrender Date Tenant shall turn over any and all keys to the Premises to the then owner of the Building. Alternatively, if keys are not available for turn-over, the then owner of the Building is hereby permitted to re-enter the Premises and remove all personal property as of the Surrender Date or execution of the Eviction. Any residual personal property remaining at the Premises as of the Surrender Date or Eviction shall be deemed abandoned and may be removed or discarded by the then owner of the Building in its discretion. Tenant agrees and shall indemnify, defend and hold the then owner of the Building harmless relating to the disposal of any personal property deemed abandoned, which personal property Tenant hereby represents and warrants shall be free and clear of all liens, claims and encumbrances.

9.      For purposes of any subsequent bankruptcy case, proceeding or action by or against Tenant, the Lease shall be deemed to have terminated as of the closing of the Sale. Thus, the automatic stay that may be applicable by or against Tenant shall not apply and Incoming Landlord shall have all of the rights and remedies afforded to a lessor of non-residential property under 11 U.S.C. §362(b)(10). For the avoidance of any doubt, the Lease is hereby deemed indefeasibly canceled and terminated as of the Effective Date of the Plan. In the event that the Confirmation Order is not entered by the Bankruptcy Court for any or no reason on or before May 3, 2019, and/or the first $200,000 is not released from escrow pursuant to the terms hereof, then the Petition and Stipulation shall be null and void *ab initio*, and Tenant shall retain all rights and remedies under the Lease and applicable law. Incoming Landlord shall also immediately

- 3 -

return the Petition and Stipulation to Tenant if the Confirmation Order is not entered by the Bankruptcy Court on or before May 3, 2019, or the first $200,000 is not released from escrow pursuant to the terms hereof.

10.    In the event Tenant does not timely, faithfully and completely comply with this Agreement and surrender possession of the Premises on or before the Outside Surrender Date, then in such event, besides being subject to eviction pursuant to the Stipulation, Tenant shall also (a) forfeit any rights or claims to the $200,000 payment as provided in paragraph 4(d) above, (b) be responsible and liable for fair market use and occupancy of the Premises in the sum of $11,759.58, plus additional rent to be computed, per month from the Outside Surrender Date until such time as Incoming Landlord regains possession of the Premises; and (c) be responsible and liable for the rent previously calculated to reduce the $200,000 payment as set forth herein, if applicable.

11.    In the event that Voras, as seller, or Incoming Landlord, as Purchaser, defaults in connection with the Sale following the Confirmation Date, and refuses to close on the Sale, Tenant's entitlement to the second $200,000 payment from Escrow shall still remain in effect and be paid to Tenant on the Surrender Date in accordance with the terms herein.

12.    Except for the obligations hereunder, each party hereby releases the other together with its managers, members, officers, and agents from any and all obligations, claims or liabilities of any kind of nature, relating to the Lease, Premises or Building, as of the Effective Date of the Plan.

13.    Pending the Surrender Date and vacatur of the Premises, Tenant shall continue to pay monthly use and occupancy to the then owner of the Building in an amount equal to the monthly rent and additional rent due in accordance with the Lease or any *pro rata* portion thereof. Any arrears in the payment of use and occupancy by Tenant shall be automatically deducted against the second $200,000 payment due under Section 4(d) above. In the event that the $200,000 payment is fully depleted prior to the Surrender Date then Tenant shall continue to be liable for and pay all rent and additional rent due and owing pursuant to the Lease and shall receive no further payment upon vacatur. On the Surrender Date, the then owner of the Building shall return to Tenant (a) any rent or additional rent theretofore paid by Tenant for the month in which the Surrender Date occurs which is allocable to any days after the Surrender Date and (b) its security deposit under the Lease in the reduced amount of $8,000 (return of security shall be a credit to Incoming Landlord at the closing of the Sale to the extent of $4,000, with Voras to be responsible for the other $4,000).

14.    Each party shall execute and deliver to the other party any further documents consistent with the terms of this Agreement or the Plan, as such other party may reasonably require.

15.    Tenant hereby makes the following representations to Incoming Landlord:

    a.    Tenant is in sole possession of the Premises, there are no other persons and/or entities in possession of the Premises, Tenant is not aware of any

- 4 -

other persons and/or entities having any rights to or claims against the Premises, and Tenant has not encumbered the Premises or the Lease.

b.    Tenant shall continue in possession of the Premises pursuant to the terms of the Lease except as modified herein.

c.    Tenant shall not permit the Premises to be used and/or otherwise occupied by any persons or entities other than Tenant, and may not assign or sublet the Lease.

d.    Tenant shall be responsible for any legal fees, costs, disbursements that are incurred as a result of a default hereunder by Tenant, after five (5) days' notice, during which time Tenant may cure, and/or Incoming Landlord is compelled to proceed in the Bankruptcy Court to enforce this agreement against Tenant.

e.    Tenant shall surrender possession of the Premises in accordance with the terms of the Lease and free and clear of any and all occupants, rights of others, licensees, tenancies, encumbrances, liens and personal property. Tenant shall execute a surrender notice acknowledging its surrender and releasing Voras, or, after consummation of the Sale, Incoming Landlord, as applicable, from any liability as of the Surrender Date.

f.    Tenant is authorized to execute this Agreement and carry out the transaction contemplated herein, without further consent or approval of state agencies (including the N.Y. Attorney General), or Tenant's Board of Directors.

16.    Incoming Landlord hereby makes the following representations and acknowledgements to Tenant as of the closing of the Sale of the Building:

a.    Incoming Landlord shall execute a surrender notice annexed hereto as Exhibit C acknowledging Tenant's surrender and releasing the Tenant from any liability as of the Surrender Date.

b.    Incoming Landlord is authorized to execute this Agreement and carry out the transactions contemplated herein.

c.    Beginning on or after the closing of the Sale, Incoming Landlord shall continue to supply the same scope, quality or level of existing services as provided by Voras, and fulfill its obligations under the Lease (including, but not limited to, providing full quiet enjoyment of the Premises to Tenant), especially during any construction activity by Incoming Landlord prior to the Surrender Date and shall be liable for any failure to do so as may be determined by the Bankruptcy Court in the event of any dispute. Notwithstanding the foregoing, Incoming Landlord need not make any

- 5 -

repairs or restoration to the Premises, except to the extent that failure to do so would materially affect Tenant's ability to conduct its normal business at the Premises.

17.    Incoming Landlord shall be have no obligations under the Lease or this Agreement prior to the closing of the Sale of the Building, except with respect to the payment of monies as provided in Sections 4(a), 4(c) and 4(d) above.    Incoming Landlord shall be responsible for attorneys' fees, costs, and disbursements that are incurred as a result of default hereunder with respect to the payment obligations under Sections 4(a), 4(c) and 4(d) above, after five (5) days' notice, during which time Incoming Landlord may cure, and/or Tenant is compelled to proceed in the Bankruptcy Court to enforce this Agreement.

18.    The parties may execute in counterparts and each counterpart so executed by each party shall constitute an original, all of which when taken together shall constitute one Agreement, notwithstanding that all of the parties are not signatories to the same counterpart. Signatures or a facsimile or electronic copy hereof shall be deemed originals.

19.    The parties acknowledge that they have obtained advice and right to seek representation by counsel in the negotiation and drafting of this Agreement and have entered same knowingly and voluntarily and agree that this Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing this Agreement to be drafted.

20.    If any provision is invalid or unenforceable to any extent, the remainder of the Agreement, application, provision shall be valid and enforceable to the fullest extent permitted by law and shall be deemed to be separate from such invalid or unenforceable provisions and shall continue in full force and effect.

21.    This Agreement sets forth the final and entire agreement between the parties hereto with respect to the termination of the Lease and surrender of possession of the Premises and rights of the Tenant and Incoming Landlord and supercedes all prior negotiations and discussions.  This Agreement may not be amended or modified except with the signed written consent of Tenant and Incoming Landlord.

22.    Each party represents and warrants as to itself that (i) all actions necessary to authorize its execution, delivery and performance of this Agreement have been duly taken, (ii) it has duly executed and delivered this Agreement, and (iii) this Agreement is its legal, valid and binding obligation.

23.    The parties acknowledge and agree that this Agreement shall be solely enforceable by the Bankruptcy Court, which shall retain continuing jurisdiction over the parties and the subject matter hereof.  The parties expressly consent to the continuing jurisdiction of the Bankruptcy Court regarding the interpretation and enforcement of this Agreement.

11041570v.2

24.     In the event of any dispute or disagreement between the parties regarding this Agreement, the same shall be settled by the Bankruptcy Court which may award to either party such attorneys' fees and/or expenses as such Court shall determine.

**INCOMING LANDLORD**
**THROOP OWNER LLC**

By: _____
Name:    Mark Tress
Title:      Member

**TENANT**
**BROOKLYN LEGAL SERVICES**
**CORPORATION A**

By: _____
Name: Jessica Rose
Title: Executive Director

**EXHIBIT "A"**

**STIPULATION**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: NON-HOUSING PART 52
— — — — — — — — — — — — — — — — — — — — — — — — — — — X
THROOP OWNER LLC,                                   :      L&T Index No. 055302/17
                                                    :
                    Petitioner-Landlord,            :
                                                    :      **<u>STIPULATION</u>**
     -against-                                      :
                                                    :
BROOKLYN LEGAL SERVICES CORPORATION A,              :
                                                    :
                    Respondent-Tenant,              :
                                                    :
— — — — — — — — — — — — — — — — — — — — — — — — — — — X

        IT IS HEREBY STIPULATED AND AGREED, that the above-captioned
proceeding is hereby settled as follows:

        1.      Respondent Brooklyn Legal Services Corporation A ("Respondent")
hereby appears in this proceeding by its attorneys, Patterson Belknap Webb & Tyler LLP, admits
and concedes the jurisdiction of this Court over it and waives any and all personal jurisdictional
defenses Respondent may have with respect to this proceeding. Respondent agrees that this
Stipulation may be filed in lieu of an Answer in this proceeding, admits the allegations contained
in the petition and that Respondent has no defenses to this proceeding.

        2.      Respondent hereby represents that (a) Respondent is in sole possession of
the premises described as the office space on the third floor in the building known as and located
at 601-619 Throop Avenue, Brooklyn, New York 11216 (the "Premises"), (b) there are no other
persons and/or entities in possession of the Premises, and (c) Respondent is not aware of any
other persons and/or entities having any rights to or claims against the Premises.

        3.      Respondent acknowledges and agrees that the subject lease, dated July 1,
2016, as amended, by and between the predecessor of Throop Owner LLC ("Petitioner") and

RE\77214\0013\2701001v3

Respondent, was terminated pursuant to a Termination and Surrender Agreement, dated April __, 2019 (the "Agreement"), which is incorporated herein by reference.

4.    Respondent's occupancy of the Premises is governed by this Stipulation and the terms of the Agreement.

5.    The parties consent to the entry of a final judgment of possession (the "Judgment") in favor of Petitioner and against the Respondent, granting legal possession of the Premises to Petitioner.

6.    The Judgment shall provide for a warrant of eviction (the "Warrant") to issue forthwith with a stay of the execution of the Warrant through and including December 31, 2019 (the "Vacate Date").  Notwithstanding the foregoing, the Marshal's notice may be served at any time after the Warrant issues.  The Judgment and Warrant may be issued and/or entered without further notice to either party.

7.    Any property remaining subsequent to the execution of the Warrant or subsequent to Respondent's voluntary vacatur prior thereto (a) shall be deemed abandoned by Respondent and (b) may be removed and disposed of by Petitioner at Respondent's sole cost and expense.  Respondent further agrees that Petitioner shall bear no liability for any such removal or disposal of property which is deemed abandoned.

8.    Respondent acknowledges and recognizes that "**TIME IS OF THE ESSENCE**" in complying with all of the terms and conditions of this Stipulation, including, but not limited to, vacating the Premises.  Based upon Respondent's representation that Respondent will comply with all of the terms and conditions of this Stipulation and will vacate in a timely manner, Petitioner has entered into this Stipulation.

9.      In addition to any and all other remedies provided to Petitioner herein, Respondent agrees to indemnify and hold Petitioner harmless for any and all costs and expenses (including, but not limited to, reasonable attorneys' fees) that Petitioner may incur due to Respondent's failure to abide by any of the terms and conditions of this stipulation.

10.     Respondent shall tender monthly use and occupancy ("Monthly Use and Occupancy") to Petitioner (or Petitioner's predecessor-in-interest, as applicable) as set forth in the Agreement, which will be paid on the first day of each month until the Vacate Date.

11.     Respondent agrees not to make any application or request to this or any court (a) for any further stay in relation to the Judgment or the execution of the Warrant, or (b) to vacate the Judgment.

12.     This Court shall retain jurisdiction over this matter.  Respondent shall not, under any circumstances, make any ex parte application to this Court or any other court.  Any applications to the Court must be made upon prior written notice to Petitioner's attorneys and they must be given the opportunity to be present at the time of the application for any Order to Show Cause.

13.     For the valuable consideration set forth above, Respondent hereby waives and releases any and all claims against Petitioner relating to Respondent's occupancy of the Premises from the beginning of time to the date hereof.

14.     The terms of this Stipulation and the exhibits annexed hereto are the result of extensive negotiations between the parties.  The parties shall be deemed to have drawn these documents in order to avoid any negative inference by any court as against the preparer of the document.  This Stipulation may not be modified orally.

RE\77214\0013\2701001v3

15.    This document may be signed in counterpart, all signatures via facsimile and/or .pdf format shall be deemed as originals.

16.    This Stipulation shall be binding upon the respective parties, their heirs, assigns, executors, administrators and successors-in-interest to their property.

Dated:    New York, New York       **THROOP OWNER LLC,** *Petitioner*
          November __, 2019

By: _____
    Name:   Mark Tress
    Title:   Member

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Petitioner*

By: _____
    Joshua Kopelowitz, Esq.
733 Third Avenue
New York, New York 10017
(212) 867-6000

**PATTERSON BELKNAP WEBB
& TYLER LLP**
*Attorneys for Respondent*

By: _____
    Robert M. Safron, Esq.
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2250

**BROOKLYN LEGAL SERVICES
CORPORATION A**
*Respondent*

By: _____
    Name:
    Title:

- 4 -

## EXHIBIT "B"

## <u>NOTICE OF PETITION AND PETITION HOLDOVER</u>

Exhibit "B"

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: NON-HOUSING PART 52
— — — — — — — — — — — — — — — — — — — — — — — — — — — X
THROOP OWNER LLC,                                          :     L&T Index No.: _____/19
                                                           :
                            Petitioner-Landlord,           :
                                                           :
        -against-                                          :              **NOTICE OF**
                                                           :       **PETITION HOLDOVER**
                                                           :
BROOKLYN LEGAL SERVICES CORPORATION A, :
                                                           :     Petitioner's Business Address:
                            Respondent-Tenant,             :       c/o Rosenberg & Estis, P.C.
                                                           :           733 Third Avenue
                                                           :        New York, New York 10017
                                                           :
                                                           :
— — — — — — — — — — — — — — — — — — — — — — — — — — — X

        To the Respondent[s] above named and described, in possession of the Premises

hereinafter described or claiming possession thereof:

        PLEASE TAKE NOTICE, that a hearing at which you must appear will be held at

the Civil Court of the City of New York, Non-Housing Part 52, Room 775 to be held at the

Courthouse located at 111 Centre Street, County of New York on November __, 2019 at 9:30

a.m., on the annexed petition which prays for a final judgment of eviction, awarding to the

Petitioner possession of the Premises described as follows: all rooms, office space on the third

floor occupied by respondent in the building known as 601-619 Throop Avenue, Brooklyn, New

York 11216, and further granting to the Petitioner such other and further relief as is demanded in

the petition, which you must answer.

        PLEASE TAKE FURTHER NOTICE, that demand is made in the petition for

judgment against you, for the value of your use and occupancy of the Premises to the date

Petitioner recovers the Premises.

PLEASE TAKE FURTHER NOTICE, that your answer may set forth any defense or counterclaim you may have against the Petitioner unless such defense or counterclaim is precluded by law or prior agreement of the parties.

PLEASE TAKE FURTHER NOTICE, that if you shall fail at such time to interpose and establish any defense that you may have to the petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

PLEASE TAKE FURTHER NOTICE, that your answer may be made at the time of hearing specified above; in addition thereto, you must appear before the court at the time and place hereinabove set forth for the hearing.

PLEASE TAKE FURTHER NOTICE, that your failure to appear and answer may result in final judgment by default for the Petitioner granting Petitioner possession of the premises and in the amount demanded in the petition.

PLEASE TAKE FURTHER NOTICE, that under Section 745 of the Real Property Actions and Proceedings Law, you may be required by the Court to make a deposit of use and occupancy, or a payment of use and occupancy to the Petitioner, upon your second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within 30 days of the first court appearance. Failure to comply with an

initial deposit or payment order may result in the entry of a final judgment against you without a

trial.  Failure to make subsequent required deposits or payments may result in an immediate trial

on the issues raised in your answer.

Dated: New York, New York
      November __, 2019

                                      _____
                                        Clerk of the Civil Court of the City of New
                                        York

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Petitioner*

By: _____
        Joshua Kopelowitz
733 Third Avenue
New York, New York 10017
(212) 867-6000

**IMPORTANT**  -  IF YOU ARE DEPENDENT UPON A PERSON IN THE MILITARY
**TO TENANT**     SERVICE OF THE UNITED STATES OR THE STATE OF NEW
                 YORK, ADVISE THE CLERK IMMEDIATELY, IN ORDER TO
                 PROTECT YOUR RIGHTS.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: NON-HOUSING PART 52
− − − − − − − − − − − − − − − − − − − − − − − − − − − X
THROOP OWNER LLC,                                                   :       L&T Index No.: _____/19
                                                                              :
                                Petitioner-Landlord,             :
                                                                              :       **PETITION HOLDOVER**
        -against-                                                        :
                                                                              :
BROOKLYN LEGAL SERVICES CORPORATION A, :
                                                                              :
                                Respondent-Tenant,             :
                                                                              :
                                                                              :
                                                                              :
− − − − − − − − − − − − − − − − − − − − − − − − − − − X

        The petition of Throop Owner LLC ("Petitioner" or "Landlord") shows that:

        1.        Petitioner is the owner and landlord of the premises described below (the

"Premises").

        2.        Respondent-Tenant Brooklyn Legal Services Corporation A ("Tenant")

was the tenant of the Premises pursuant to an Agreement of Lease, dated July 1, 2016, by and

between Landlord's predecessor-in-interest, as landlord, and Tenant, as tenant (the "Lease").

        3.        Tenant is in possession of the Premises.

        4.        The Premises are described as follows:

All rooms, office space on the third floor
in the building known as and located at
601-619 Throop Avenue, Brooklyn, New York 11216

which is situated within the territorial jurisdiction of the Civil Court of the City of New York,
County of Kings.

        5.        The term for which the Premises were rented by Tenant was terminated

pursuant to a written agreement, dated April __, 2019, by and between Petitioner and Tenant (the

"Agreement").

6.     Tenant continues in possession of the Premises without permission of Petitioner, after the expiration of said term, except as set forth in the Agreement.

7.     The Premises are not subject to the City Rent and Rehabilitation Law (rent control) or the Rent Stabilization Law of 1969, as amended, because the Premises were licensed as and are actually used for solely business purposes.

8.     The building in which the Premises are located is not a multiple dwelling.

9.     Petitioner lacks written information or notice of any address where the Tenant resides, is employed, has a place of business in New York State, other than the Premises.

10.     Under the terms of the Lease, Tenant agreed to pay rent for the Premises at the rate of $11,759.58, plus the costs and disbursements, including attorneys' fees, which might be incurred by Petitioner in any action to enforce the Petitioner's right under the Lease. No monies for rent and/or "use and occupancy" have been received and/or accepted for the period after October 31, 2019 except pursuant to the Agreement and Petitioner has or will incur reasonable attorneys' fees. The total amount of such costs and fees will be determined by the Court at or after trial.

WHEREFORE, Petitioner requests a final judgment awarding Petitioner (a) possession of the Premises with the issuance of a warrant to remove Tenant from possession of the Premises and (b) a money judgment, if applicable, against Respondents in accordance with the Agreement.

Dated:   New York, New York
          November __, 2019

**THROOP OWNER LLC**

*Petitioner*

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Petitioner*

By: _____
          Joshua Kopelowitz
733 Third Avenue
New York, New York 10017
(212) 867-6000

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

       Joshua Kopelowitz, being duly sworn, deposes and says:

       1.    I am a member of the law firm of Rosenberg & Estis, P.C., attorneys for Petitioner.

       2.    I have read the petition and know the contents thereof; and the same is verified upon information and belief.  The grounds for my belief are statements and records provided by the Petitioner, its agents and/or employees.

       3.    This Verification is made pursuant to the provisions of R.P.A.P.L. §741.

 

                                     _____
                                           Joshua Kopelowitz

Sworn to before me this
____ day of November, 2019

_____
     NOTARY PUBLIC

RE\77214\0013\2701001v3

**EXHIBIT "C"**

**<u>SURRENDER NOTICE</u>**

Exhibit "C"

## <u>SURRENDER NOTICE</u>

I, _____, as _____ of Brooklyn Legal Services Corporation A, the occupant ("Occupant") of the office space on the third floor (the "Premises") in the building known as and located at 601-619 Throop Avenue, Brooklyn, New York hereby declares:

1.    Occupant has vacated the Premises on _____, 2019 and hereby voluntarily surrenders possession of same to Throop Owner LLC ("Landlord").

2.    The Premises are unoccupied and are free of all other occupants and there are no other person(s) and/or entity having any rights to or claims against the Premises or in possession of the Premises.

3.    Occupant has removed all of its property and hereby abandons any property remaining in the Premises.

4.    Occupant hereby releases and discharges Landlord, its predecessors and successors in interest, including all shareholders, assigns, partners, agents, officers, directors and any other person or entity which may now or hereafter have a direct or indirect equitable or beneficial interest in the Premises, from any liability or responsibilities to Occupant, and from any claims or damages which Occupant may have in connection with the Premises or arising out of Occupant's tenancy, including but not limited to, any claims that Occupant has vacated the Premises by other than voluntary surrender of possession.

BROOKLYN LEGAL SERVICES
CORPORATION A, Occupant

By: _____
      Name:
      Title:

SURRENDER ACCEPTED:

By: _____    DATED: _____
    Owner-Landlord

RE\77214\0013\2701001v3