ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Allen G. Kadish
Harrison H.D. Breakstone
Tel: (212) 682-4940
Email: akadish@archerlaw.com
        hbreakstone@archerlaw.com

*Counsel for Voras Enterprise Inc.,*
*Debtor and Debtor-in-Possession*

**Hearing Date and Time:** October 10, 2019 at 3:00 p.m.
**Response Deadline:** October 3, 2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                    Chapter 11

VORAS ENTERPRISE INC.,                      Case No. 1-17-45570 (NHL)

                Debtor.

------------------------------------------------------------x

**NOTICE OF HEARING ON APPLICATION OF
VORAS ENTERPRISE INC.,
DEBTOR AND DEBTOR-IN-POSSESSION,
FOR ENTRY OF FINAL DECREE CLOSING CHAPTER 11 CASE**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

**PLEASE TAKE NOTICE** that VORAS ENTERPRISE INC., reorganized debtor and

debtor-in-possession (the "**Debtor**"), filed an application (the "**Application**") for an order,

pursuant to section 350(a) of the United States Bankruptcy Code (the "**Bankruptcy Code**"), and

Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") 3022, for entry of a final decree

closing its chapter 11 case.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the relief sought in the

Application will be held before the Honorable Nancy Hershey Lord, United States Bankruptcy

Judge, at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman

Plaza East, Brooklyn, New York 11201 on **Thursday, October 10, 2019 at 3:00 p.m.** or as soon thereafter as counsel may be heard (the "**Hearing Date**").

        **PLEASE TAKE FURTHER NOTICE** that objections if any, to the relief requested in the Application shall be in writing, shall conform to the Bankruptcy Code, the Bankruptcy Rules and Local Rules of the Bankruptcy Court, shall set forth the name of the objecting party, the basis for the objection, the specific grounds therefor, and shall be filed with the Bankruptcy Court electronically in accordance with General Order 559 (with a courtesy copy delivered to the Chambers of the Hon. Nancy Hershey Lord) and served in accordance with General Order 559, and served upon: (i) Archer & Greiner, counsel to the Debtor, Attn: Allen G. Kadish, Esq., 630 Third Avenue, New York, New York 10017, and (ii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, so as to actually be filed with the Bankruptcy and received by **Thursday, October 3, 2019**.

        **PLEASE TAKE FURTHER NOTICE** that you may review the Application at the Office of the Clerk of the Bankruptcy Court or by accessing the Court's electronic filing system at www.nyeb.uscourts.gov, or you may contact the undersigned counsel by phone or email and copies of the Application will be provided.  If no objection to the Application is timely filed and received, the Bankruptcy Court may grant the relief sought in the Application on the Hearing Date.

Objecting parties are required to attend on the hearing Date and failure to appear may result in

relief being granted or denied upon default.

Dated: New York, New York          ARCHER & GREINER, P.C.
       September 26, 2019

                           By:    s/ Allen G. Kadish
                               Allen G. Kadish
                               Harrison H.D. Breakstone
                         630 Third Avenue
                         New York, New York 10017
                         Tel:   (212) 682-4940
                         Email: akadish@archerlaw.com
                                   hbreakstone@archerlaw.com

                         *Counsel for Voras Enterprise Inc.,*
                         *Debtor and Debtor-in-Possession*

ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Allen G. Kadish
Harrison H.D. Breakstone
Tel: (212) 682-4940
Email:  akadish@archerlaw.com
       hbreakstone@archerlaw.com

*Counsel for Voras Enterprise Inc.,*
*Debtor and Debtor-in-Possession*

**Hearing Date and Time:** October 10, 2019 at 3:00 p.m.
**Response Deadline:** October 3, 2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

VORAS ENTERPRISE INC.,

       Debtor.

Chapter 11

Case No. 1-17-45570 (NHL)

------------------------------------------------------------x

**APPLICATION OF
VORAS ENTERPRISE INC.,
DEBTOR AND DEBTOR-IN-POSSESSION,
FOR ENTRY OF FINAL DECREE CLOSING CHAPTER 11 CASE**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

       VORAS ENTERPRISE, INC., reorganized debtor and debtor-in-possession herein (the "**Debtor**"), by and through its undersigned counsel, as and for its application (the "**Application**") for an order, pursuant to section 350(a) of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") 3022, for entry of a final decree closing its chapter 11 case, respectfully represent as follows:

**BACKGROUND**

       1.    On October 26, 2017 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the first day declaration filed herein [Docket No. 6], incorporated herein by reference.

3.      No trustee or committee was appointed in the case.

## PLAN IMPLEMENTATION

4.      This Court confirmed the Debtor's *Amended Chapter 11 Plan* [Docket No. 110] (the "**Plan**") by Order dated May 2, 2019 [Docket No. 158].

5.      The "Effective Date" of the Plan occurred on June 27, 2019 and Notice of the Effective Date was filed [Docket No. 173].    On the Effective Date, key transactions contemplated by the Plan were effectuated, including the sale of the Debtor's building at 601-619 Throop Avenue, Brooklyn, New York 11216 to 619 Throop Acquisition LLC, and the payment of all claims in full, including unsecured claims with interest.  Annexed hereto as Exhibit A is a copy of the Closing Statement for the sale of 601-619 Throop Avenue including an indication that all administrative claims were paid, and all unsecured claims were paid with interest.

6.      The Debtor has reviewed the United States Trustee (the "**UST**") fees (the "**UST Fees**") due in this case, including the UST's report of receipts, disbursement and UST Fees due.  The Debtor has paid UST Fees through the second quarter of 2019 and has filed its operating report through August 2019.   The Debtor intends to pay UST Fees through the third and fourth quarters of 2019 and any final amounts that may be due.  The Debtor has filed, and intends to continue to file, post-confirmation monthly operating reports through the closing of the case.

7.      The Debtor believes, consistent with the foregoing, that all matters in this case have been resolved.

8.      Annexed hereto as Exhibit B is the Debtor's proposed Closing Report.  The

Closing Report details the actions taken to consummate the Plan.

### RELIEF REQUESTED

9.      By this Application, the Debtor requests entry of a final decree, substantially

in the form attached hereto as Exhibit C (the "**Final Decree**"), closing this chapter 11 case.

### BASIS FOR REQUESTED RELIEF

10.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is

fully administered and the court has discharged the trustee, the court shall close the case."

Bankruptcy Rule 3022, which provides procedural guidelines for closing chapter 11 cases, states

that "[a]fter an estate is fully administered … the court, on its own motion or on motion of a party

in interest, shall enter a final decree closing the case."

11.     In light of the substantial consummation of the Plan, including the sale of

the building and payment of all claims, the Debtor respectfully requests entry of the Final Decree.

As noted, the Effective Date of the Plan occurred on June 27, 2019, all the Debtor's assets have

been administered and the Plan has been substantially consummated.  Additionally, all Claims

have been finally resolved and distributions made thereon.  Further, there are no pending contested

matters or adversary proceedings.

12.     The Debtor submits that the relief sought in this Application is appropriate

and warranted pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.  All

relevant factors weigh in favor of granting the relief requested.  First, all distributions required

under the Plan have been made.  Second, the Debtor to date has paid all the required statutory fees

to the UST arising from the administration of the chapter 11 estate, and will continue to do so

through the closing of the case.  The Debtor has shared this Application with the UST which has

indicated there is no objection to entry of the Final Decree contingent upon payment of the UST

Fees in full.

## NOTICE

13.     A copy of this Application, with exhibits, has been served on (a) the United

States Trustee; (b) all parties who have filed a notice of appearance in the case; (c) all parties who

have filed proofs of claim in the case; and (d) any additional parties-in-interest in the case.

## CONCLUSION

14.      No prior application for the relief requested herein has been made to this

or any other court.

WHEREFORE, the Debtor respectfully requests entry of the form of Final Decree,

annexed hereto as Exhibit C, closing this chapter 11 case and granting such other and further relief

as this Court may deem just and proper.

Dated: New York, New York          ARCHER & GREINER, P.C.
        September 26, 2019

                                   By:    s/ Allen G. Kadish
                                        Allen G. Kadish
                                        Harrison H.D. Breakstone
                                   630 Third Avenue
                                   New York, New York 10017
                                   Tel:   (212) 682-4940
                                   Email: akadish@archerlaw.com
                                           hbreakstone@archerlaw.com

                                   *Counsel for Voras Enterprise Inc.,*
                                   *Debtor and Debtor-in-Possession*

**Exhibit A**

# VORAS ENTERPRISE INC.

## to

## THROOP OWNER LLC

## Sale of:
## 601-619 Throop Avenue
## Brooklyn, New York

# CLOSING STATEMENT

SPERBER DENENBERG & KAHAN, P.C.
By:   Seth Denenberg, Esq.
48 W. 37th Street, 16th Floor
New York, New York    10018
Tel.:   (917) 351-1335
Fax:   (917) 351-1303

## CLOSING STATEMENT
### 601-619 THROOP AVENUE, BROOKLYN, NEW YORK
### VORAS ENTERPRISE INC. TO THROOP OWNER LLC

DATE OF CLOSING:                    June 27, 2019

PREMISES:                          601-619 Throop Avenue, Brooklyn, New York

PLACE OF CLOSING:                  Goldberg Weprin Finkel Goldstein LLP
                                   1501 Broadway, 22nd Floor
                                   New York, New York 10036

### PRESENT AT CLOSING

SELLER:                                        Voras Enterprise Inc.
                                               By: Jeffrey Dunston, President

SELLER'S ATTORNEY:                             Sperber Denenberg & Kahan, P.C.
                                               By: Seth Denenberg, Esq. & Amanda
                                               Attenasio, Esq.

BUYER:                                         Throop Owner LLC
                                               By: John Travis Stabler

BUYER'S ATTORNEY:                              Rosenberg & Estis
                                               By: Stefanie Graham, Esq.

TITLE COMPANY:                                 Riverside Abstract
                                               By: Steven Weinreb

BROKER:                                        Keen Summit Capital Partners LLC
                                               By: Harold Bordwin

**FINANCIAL STATEMENT**
601-619 THROOP AVENUE, BROOKLYN, NEW YORK
VORAS ENTERPRISE INC. TO THROOP OWNER LLC

*Purchase Price: the sum of : (a) the amount necessary to pay all administrative, professional, priority, secured, and unsecured claims and costs of closing in the Bankruptcy Case in cash, in full, from the   proceeds of sale (the "100-cent Plan Amount"); and, (b) the difference between the 100-cent Plan Amount and $12,000,000.00 (the "Charitable Contribution"), but in no event shall the purchase price exceed twelve million and 00/100 ($12,000,000.00) dollars.   The Charitable Contribution shall be paid, as a charitable contribution, to Northeast Brooklyn Housing Development Corporation ("NEB"), a 26 U.S.C. §501(c) (3) organization.*

| | PURCHASER | SELLER |
|---|---|---|
| Sale price | | $12,000,000.00 |
| Down payment | $1,000,000.00 | |
| Real Estate Tax Adjustment from 6/28/19 to 6/30/19 ($97,549.90/91, $1,071.97 * 3 days) | | $3,215.91 |
| Water Adjustment from 5/23/19 to 6/27/19 ($282.83/84, $3.36* 36 days) | $120.96 | |
| Rent Adjustment from 6/28/19 to 6/30/19 (27,913.89/30, $930.46* 3 days | $2,791.38 | |
| Security Deposit Adjustment | $4,000.00 | |
| Other: Open violation fines | $89,973.45 | |
| | | |
| TOTAL CREDITS: | $1,096,885.79 | $12,003,215.91 |
| BALANCE DUE AT CLOSING | | $10,906,330.12 |

*Checks to be paid at closing by Buyer: $10,906,330.12*
Disbursed as follows: see attachment

*Escrow Reconciliation $1,000,000.00 (downpayment)*
Escrow disbursed as follows: see attachment

*Other escrow payments $90,000.00 ($20,000.00 April, $20,000.00 May, $50,000.00 June)*
Disbursed as follows:
      Voras Enterprise Inc.      $90,000.00

| PAYEE | REASON | AMOUNT PAID | HOW PAID |
|-------|--------|-------------|----------|
| Sperber Denenberg & Kahan, P.C | Special real estate counsel legal fee as per Order dated June 2, 2019 | $25,220.00 | Check From SDK Escrow (downpayment) |
| Archer & Greiner P.C. | Bankruptcy counsel legal fee as per Order dated June 2, 2019 | $671,004.74 | Check From SDK Escrow (downpayment) |
| Riverside Abstract | title charges | $23,737.93 | Wire from Buyer to Old Republic and Wire from Old Republic to Payee |
| New York City Water Board | Account: 8000296788001 Claim of $35,239.34 | $33,884.92 | Paid through Riverside Abstract (see title invoice) |
| New York City Department of Finance | Claim of $95,434.75 | $107,606.09 | Paid through Riverside Abstract (see title invoice) |
| NYC Office of Administrative Trials and Hearings | Violation #012054266Y, Claim of $5,320.64 | $6,203.85 | Paid through Riverside Abstract (see title invoice) |
| NYCTL 2017-A TRUST MTAG | Lien #1796140, payoff good through 7/2/19 (Attorney, Nickolas Karavolas, Phillips Lytle LLP) | $214,813.25 | Paid through Riverside Abstract (see title invoice) |
| NYCTL 2018-A TRUST MTAG | Lien #1921608, payoff good through 7/2/19 (Attorney, Nickolas Karavolas, Phillips Lytle LLP) | $253,523.13 | Paid through Riverside Abstract (see title invoice) through title |
| Internal Revenue Service | Claim of $15,528.00, payoff good through 7/1/19 | $17,677.32 | Check From SDK Escrow (downpayment) |
| Keen Summit Capital Partners LLC | Broker Fee | $510,000.00 | Wire from Buyer to Old Republic and Wire from Old Republic to Payee |
| 124 NY, Inc | Mortgage payoff | $4,742,973.11 | Wire from Buyer to Old Republic and Wire from Old Republic to Payee |
| NY 101 INC | Mortgage payoff | $3,758,785.97 | Wire from Buyer to Old Republic |

| | | | and Wire from Old Republic to Payee |
|---|---|---|---|
| STAGG, TERENZI, CONFUSIONE & WABNIK, LLP | Mortgage payoff | $99,012.00 | Wire from Buyer to Old Republic and Wire from Old Republic to Payee |
| Deguerre Law Firm, P.C., as attorneys for New York Design Architects, LLP | Claim of $47,165.18, payoff good through 6/28/19 | $47,165.18 | Check From SDK Escrow (downpayment) |
| Deguerre Law Firm, P.C. | Attorney fee for preparation of release | $525.00 | Check From SDK Escrow (downpayment) |
| Consolidated Edison Company of NY Inc. | Claim of $55,156.20, payoff good through 6/28/19 | $56,227.23 | Check From SDK Escrow (downpayment) |
| Imperial Fire Protection Systems | Claim of $21,813.47, payoff good through 6/28/19 | $22,237.05 | Check From SDK Escrow (downpayment) |
| NEBHDCo | Payoff good through 6/28/19 | $940,188.91 | Wire from Buyer to Old Republic and Wire from Old Republic to SDKPC and wire from SDCPC to Payee |
| Bankruptcy Reserve/ US Trustee Fees | | $125,000.00 | Check From SDK Escrow (downpayment) to Voras Enterprise |
| Voras Enterprise Inc. | Charitable Contribution as per page 26 of the Order | $34,943.48 | Check From SDK Escrow (downpayment) |
| Voras Enterprise Inc. | Charitable Contribution as per page 26 of the Order | $215,600.96 | Wire from Buyer to Old Republic and Wire from Old Republic to SDKPC and wire from SDCPC to Payee |
| | **TOTAL:** | **$11,906,330.12** | |

| *LETTER EXHIBIT* | *BRIEF DESCRIPTION* |
|---|---|
| *"A"* | *Contract of Sale & Riders* |
| *"B"* | *Attorney General Approval, Case No OA6-AL-2018-64* |
| *"C"* | *Order of Bankruptcy Court, Case No 17-45570* |
| *"D"* | *Deed; Transfer Tax Forms; Assignment & Assumption Agreement; Assignment & Assumption of Leases; FIRPTA; Seller's Title Affidavit; Secretary's Certificate; Unanimous consent;* |
| *"E"* | *Title Indemnity and Depository Agreement and proofs of payments* |
| *"F"* | *Settlement Statement, wire confirmations, copies of checks, payoff statements and proof of mailing of payments* |

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re:                                                    Chapter 11

VORAS ENTERPRISE INC.,                                    Case No. 1-17-45570 (NHL)

        Debtor.


---------------------------------------------------------------x

## CLOSING REPORT IN CHAPTER 11 CASE

To the best of my knowledge and belief, the following is a breakdown in this case:

FEES AND EXPENSES (from case inception):

__$704,287.25__   FEE for ATTORNEY for DEBTOR

__$535,200.00__   OTHER PROFESSIONAL FEES and ALL EXPENSES:

> • $25,200.00 to Sperber, Denenberg & Kahan, P.C., as Special Real Estate Counsel
> • $510,000.00 to Keen Summit Capital Partners LLC as Mortgage Broker

__n/a__   TRUSTEE FEE (if applicable)

__n/a__   FEE for ATTORNEY for TRUSTEE (if applicable)

__100__   % DIVIDEND PAID/TO BE PAID (100% + interest on allowed secured
          and unsecured claims)

__See note__   FUTURE DIVIDENDS[1]

__$10,575,105.38__   INITIAL DISTRIBUTION UNDER THE PLAN COMPLETED

_____   OTHER: (explain)


DATE: September 26, 2019                    VORAS ENTERPRISE INC.

                                            BY _____
                                               Authorized Representative

---

[1] After disbursements are completed and the case is closed, pursuant to the Plan, all remaining funds of the Debtor will be paid to Northeast Brooklyn Housing Development Fund Corporation as the sole member of the Debtor.

**Exhibit C**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:                                                    Chapter 11

VORAS ENTERPRISE INC.,                                    Case No. 1-17-45570 (NHL)

                    Debtor.

---------------------------------------------------------x

## **FINAL DECREE**

Upon the application of Voras Enterprise Inc., debtor and debtor-in-possession (the "**Debtor**"), for entry of a final decree closing its chapter 11 case, by its attorneys, Archer & Greiner, P.C.; and the Debtor's chapter 11 plan having been confirmed, having become effective and having been consummated; and the estate of the Debtor having been fully administered; and notice of the hearing on the application and service of a copy thereof was duly and timely made upon the Office of the United States Trustee and no objection having been made; and sufficient cause appearing; it is

ORDERED that within seven days of entry of this Final Decree, the Debtor shall provide to the Office of the United States Trustee any applicable disbursement information and pay all outstanding fees owed to the Office of the United States Trustee and, thereupon, this chapter 11 case shall be declared fully administered and closed.